## BLOEKER vs. TILLMAN.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Until a writing be perfected by the signature of the parties, it is but an inchoate one, and either party has the right of recanting.

4L 77
51 1729

4L 77
52 427

4L 77
106 311

4 77
115 813

The petition stated, that the plaintiff entered into a contract with the defendant to superintend his warehouse, for which the former was to receive one-third part of the nett profits arising from the storage of produce. That this contract was reduced to writing, signed by the plaintiff, and handed to the defendant, who agreed that it was correctly

written out, and promised that he would sign it, and deliver it to a third person, to be kept for the contracting parties. That under this contract, the plaintiff took upon himself the management of the warehouse, and continued therein about four months, when he was dismissed by the defendant. He claimed his proportion of the profits for the time he was actually in the employ of the defendant, and damages for a violation of the contract. To this action, the general issue was pleaded.

On the trial of the cause, the plaintiff called on the defendant to produce the written contract mentioned in plaintiff's petition, which was accordingly produced, and the plaintiff offered to read it, which was objected to by the defendant's counsel, on the ground that it was not signed by the defendant. This objection was sustained, and the plaintiff excepted. He then offered to prove the contract by parole evidence, on the ground that the petition did not declare upon said instrument as the contract itself, but described it as evidence only of said contract. This evidence was likewise objected to, and the objection being sustained, the plaintiff again excepted to the opinion of the court.

The cause was tried by a jury, who returned a verdict as in case of nonsuit, and judgement being rendered thereon, the plaintiff appealed.

*Egnew*, for appellant, made the following points:

1. The action is brought on the parole contract, and the writing referred to is only recital. The court *a qua* misconceived the action, and erred in rejecting parole testimony to sustain the contract.

2. The court erred in excluding the written article, it being the best evidence of the contract.

3. The plaintiff had a right to prove the parole contract, notwithstanding it had been reduced to writing, and the writing not perfected.

*M'Caleb, contra,* contended:

1. That the plaintiff was rightfully nonsuited; because he sued on a written contract, and none was legally proved. The petition relates entirely and exclusively to a written contract. No parole testimony could be admitted to prove it. The contract itself was the best evidence. The alleged contract was produced, signed by the plaintiff only. The defendant cannot, therefore, be bound. 1 *Martin, N. S.* 420, 592, 625.

2. Before the contract was consummated, the defendant had a right to withdraw from it, although he may have given his verbal assent to it. 3 *Martin, N. S. p.* 326, 347, 349.

MARTIN, J., delivered the opinion of the court.

The petition states that the defendant, having taken a lease of a warehouse, proposed to the plaintiff to take charge of it, for which it was agreed the latter should have one-third of the nett profits. The offer being accepted, the contract was reduced to writing by a third person, subscribed by the plaintiff, and delivered to the defendant, who agreed thereto, and promised to sign and deliver it to a third person to keep it. That the plaintiff, depending thereon, entered into his duties and faithfully attended to the affairs of the concern, till he was dismissed by the defendant, who placed the warehouse under the charge of another ; wherefore, he claims damages. The general issue was pleaded. The jury gave a verdict for the defendant as in case of a nonsuit. Judgement was given accordingly, and the plaintiff appealed.

The plaintiff's counsel has contended that he was improperly nonsuited, the action being brought on the parole contract, and the first judge erred in refusing leave to admit testimonial proof of it.

2. He erred in refusing testimonial proof that it was no part of the contract that it should be reduced to writing.

3. Also, in excluding the writing, as it was the best evidence of the contract.

4. Also, in rejecting proof of the partial performance of the contract by the plaintiff.

5. Under the Civil Code, 1755, the plaintiff had a right to give evidence of the parole contract, notwithstanding it had been reduced to writing, as the writing was not perfected.

6. Lastly, the court erred in refusing a new trial.

The defendant's counsel has urged that the plaintiff was properly nonsuited; as he sued on a written contract, while he did not prove it. The writing was produced, subscribed by the plaintiff only, the defendant not having signed it, was not bound thereby. Till a written contract has the signature of all the parties, neither is bound thereby, and either may recant.

The record shows that, at the trial the plaintiff called on the defendant for the document mentioned in the petition, and it was accordingly produced, and the plaintiff asked leave to read it. This was objected to, on the ground that it was an inchoate contract, subscribed by one of the parties, and which had not received its perfection by the signature of the other. The objection was sustained, and the plaintiff took a bill of exceptions.

He next offered parole evidence of the contract, on the ground that the writing was not declared upon in the petition as the contract itself, but referred to as containing the evidence of the parole contract. This was objected to, the objection sustained, and another bill of exceptions was taken.

Until a writing be perfected by the signature of the parties, it is but an inchoate one, and either party has the right of recanting.

It appears to us, the first judge did not err. The case before him was one in which the parties contemplated a written contract, to be deposited in the hands of a third person, for their common security; nothing shows in either of them, an intention to be bound by a parole contract. The plaintiff himself subscribed the agreement, and gave time to the defendant to do the like. Till the writing was perfected by the signature of all the parties, it was but an inchoate one, and either had the right of recanting. The defendant, in doing so, availed himself of a legal right.

The plaintiff might, however, have asked for damages, or required remuneration for work and labor done in a contract,

which, without any fault on his part, did not receive its perfection. The judgement being one of nonsuit, does not affect this right.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs in both courts.

*Egnew,* for appellant.

*Farrar* and *M'Caleb,* for appellee.