J. E. Braunsdorff v. E. Fay & Masson.

## Mr. & Mrs. Wiltz v. Widow De St. Romes.

*After issue joined, no advantage can be taken by evidence, or otherwise, of the fact that the suit was prematurely commenced.*

APPEAL from the Third District Court of New Orleans, *Handlin*, J.
*A. Robert*, for plaintiffs. *J. E. Holland*, for defendant and appellant.

Hyman, C. J. Defendant, sued on her note of hand, filed an answer, denying therein all the allegations of plaintiffs' petition.

She subsequently filed the plea of prescription of five years.

On the trial of the case in the lower Court, she offered to prove that the written renunciation of prescription (which was introduced in evidence by plaintiffs) was made on condition that delay, such as she desired, would be given her to pay the note.

The Court refused to admit such evidence.

Defence : that the action was premature, should have been made by a dilatory exception, in limine litis.

After issue joined, no advantage can be taken by evidence or otherwise, of the fact that the suit was prematurely commenced. 1 La. R. 420.

The plaintiffs have fully proven up their claim. There is no error in the judgment of the lower Court. Let it be affirmed, with costs.

---

## J. E. Braunsdorff v. E. Fay & Masson.

*Before a cause is at issue, either expressly or tacitly, a final judgment cannot be validly rendered.*

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.
*Durant & Hornor*, for plaintiff and appellee. *J. Q. A. Fellows*, for defendants and appellants.

Hyman, C. J. Defendants are appellants from a final judgment rendered against them in this suit.

No issue was joined between the parties, by appearance or answer of defendants, or by judgment by default taken against them.

From the evidence, it appears that defendants are indebted to plaintiff; but, as the cause is not at issue, no judgment can be given.

Before a cause is at issue, either expressly or tacitly, a final judgment cannot be validly rendered. See 7 N. S. 287.

It is therefore decreed that the judgment of the District Court be avoided and reversed, that plaintiff pay the costs of appeal, and that the case be remanded to said Court for further proceedings.

Howell, J., recused.