THOMAS PENNISTON et al., Executors, v. THE CITY OF JEFFERSON.

An action, prematurely brought, will be sustained unless the defendant makes objection in limine.

APPEAL from the District Court of the Parish of Jefferson.    *Cazabat*, J.    *Cyprien Dufour*, for plaintiff.    *B. L. Lynch*, for defendant.

INSLEY, J.    The plaintiff claims from the defendant the sum of two thousand one hundred and thirty-four dollars and seventy-seven cents, with interest at the rate of five per cent. per annum, as stated in the petition, represented by eight certificates, issued by the parish committee of the Parish of Jefferson, by which, as it is alleged, the city of Jefferson.

is indebted to W. R. Miller for one certificate, amounting to twenty-four dollars; and to Guy Dreux, late Sheriff of the Parish of Jefferson, for the other seven certificates; and, further, that of the said eight certificates. the plaintiff is the owner and holder.

And for answer to this petition, the defendant pleads the general issue;: admits that the parish committee did make and sign the certificates annexed to the petition; but denies that the said city is, in any way or manner, bound to the plaintiff or to any other person or persons whomsoever for the payment of the said certificates, or either of them, or for the pretended debts alleged to be covered by the said certificates.

The Court below rendered judgment in favor of the plaintiff for the whole amount claimed, except for the sum of twenty-four dollars as per warrant No. 500, the plea of five years prescription, as to that amount, being sustained; and from the said judgment the defendant has. appealed.

It is sufficiently shown that the plaintiff, D. Penniston, is the bona fide owner and holder of the certificates, which were regularly issued, drawn and authorized by the parish committee of Jefferson, approving certain bills due by the whole Parish, and setting forth the proportion thereof due, to be paid by the city of Jefferson.

It is also shown by the testimony of Jacob Miller, the Secretary of the Parish Committee, that the committee acts under the statute of the State of Louisiana, enacted in the year 1856.

By the second section of the said statute, entitled "An act authorizing· the appointment of a parish committee' by the several corporations, comprising the Parish of Jefferson; the said parish committee is duly empowered and authorized to determine and fix the pro rata of contribution of each corporation towards defraying the expenditures, bearing upon the whole Parish, also to examine and report upon all bills or claims. against the Parish.

By the first section of the same act the City of Jefferson, in common with the other corporations, etc., comprising the Parish of Jefferson, was to be, and it must be presumed was, represented in the said parish committee; and the action of the said parish committee in determining and fixing the pro rata of contributions by each corporation, defraying the expenses bearing upon the whole parish; also, to examine and report upon all bills or claims against the parish, being within the sphere of its duties, carries with it the presumption of the validity and correctness of' the certificates issued by it, which justifies the plaintiff in claiming from, the defendant its pro rata of contribution of common parish liabilities for· costs incurred in criminal prosecutions, for elections, Sheriff's fees, jail fees, etc.

It appears, however, by reference to the ordinance of the City of Jefferson, that all parish committee warrants, regularly drawn and authenticated by the Secretary of the parish committee, shall be submitted for approval to the finance committee; and, upon being signed by the.

chairman of said committee, the President is authorized to issue his warrant on the Treasurer for payment; and said Treasurer shall report, at each regular sitting, the warrants so drawn.

This requirement has not been complied with, nor is it shown that the President, previous to the inception of this suit, had objected on a proper exhibition of the approval of the finance committee, signed by its chairman and to issue his warrant, we should, therefore, have deemed the action instituted by the plaintiff premature; but, as this is not urged by the defendant, which sets the claim itself at issue, we think the plaintiff is entitled to relief.

The liability of the defendant results from the statute, above referred to, and not from the action of the parish committee, whose province only it is to *determine and fix* the pro rata of contribution by each corporation, etc.; in other words, to liquidate the amount of its liability so that Art. 1883, C. C., cited by the appellant, has no application whatever to the case before us.

We sustain the judgment of the Court below.

It is therefore ordered, adjudged and decreed, that the judgment of the lower Court be affirmed, the appellant to pay the costs of appeal.