## No. 8.

### John B. Durham vs. Julia Williams, Tutrix, et al.

The judgment homologating a final Account of Executors and discharging them, is only *res judicata* as to the matters embraced in the Account. It is no bar to the claims of creditors or heirs which did not, in any manner, form the subject of it. Therefore, the Executors of the deceased husband not having liquidated the Community between him and his surviving wife, his heirs can make proof of his rights against that Community, in a partition suit brought by the assignee of the widow in community, to divide the common property.

APPEAL from the First Judicial District Court, parish of Caddo. *Taylor*, J.

Land & Land for Plaintiff and Appellee:

First—This case was remanded by the Supreme Court in order to enable the parties to ascertain, according to law, what was the residuary interest of Mrs. Williams in the community existing between her and B. F. Hollingsworth, deceased. 32 A. 162.

Second—Plaintiff, the assignee of Mrs. Williams, then sued the executors of Hollingsworth for an account, in order to determine the *residuary interest* of the widow in community. The account was rendered, and was homologated contradictorily with the heirs. It showed that all the acknowledged community debts had been paid with funds in bank belonging to the deceased at the time of his death.

Third—On the trial of this suit, defendants offered to prove that the community is indebted unto the separate estate of Hollingsworth. Such evidence was inadmissible, because the community had been administered and settled in the succession of the husband, and the judgment homologating the final account of the executors and discharging them from their trust was conclusive, as to all issues and questions raised by the suit for an account. 12 R. 215; 13 A. 143; 12 A. 222; 8 L. 234; 14 A. 763; 29 A. 524; 19 L. 318; 12 A. 197. The court erred in admitting the testimony offered.

Dunham vs. Williams.

Fourth—The judgment of the court on the facts of the case is correct.

Fifth—The court erred in permitting defendants, who are the heirs of B. F. Hollingsworth, to introduce testimony to show that the recitals contained in the authentic act of sale from Samuel Hollingsworth to B. F. Hollingsworth were not true, and that said act of sale was intended as a donation.

Alexander & Blanchard for Defendant and Appellant :

First—The community of acquets and gains under our law is nothing more or less than a *partnership* established by law.  At its dissolution, by death or otherwise, it must be liquidated, and the respective interests of the partners settled just as in other partnerships.  In this settlement the partnership or community debts are first to be paid, then the amounts put or brought into the partnership or community by each partner or spouse are to be deducted and refunded to them, and the balance of the profits or accumulations, if any, is divided equally between them.  C. C. 2402, 2403, 2406, 2408, 2409 ; 6 A. 634 ; 9 A. 60 ; 12 A. 549 ; 14 A. 618, 726.

Second—On the dissolution of the community the wife's interest in the community property is residuary only, and she is not the owner of any *specific piece* of said property, nor of any *specific interest* in any part of it.  There must be a settlement of the community.  17 L. 247 ; 7 R. 404 ; 2. A. 30 ; 25 A. 379 ; 26 A. 639 ; 31 A. 493 ; 32 A. 162.

Third—The widow in community can not while the succession is still under administration, and before its debts are paid, and her residuary interest thus definitely ascertained, execute a *valid mortgage* on her undivided half of any specific property of the succession. 31 A. 493.

Fourth—The administration of a succession by an executor or administrator does not involve a settlement of the community between the heirs of the deceased and the surviving widow.  Administrators and the creditors, whom they represent, are only interested to the extent of seeing that the community debts are paid out of the community assets ; after this the matter of settlement between the widow and heirs is a matter purely personal to themselves, and entirely foreign to the purpose for which such officers are appointed.

Fifth—The closing of an administration by the filing and homologation of a final account by an executor or administrator is not *res adjudicata* as to any thing except as to what is embraced in such account, and can not possibly preclude the heirs from afterward suing for a settlement of the community.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiff having acquired the undivided interest of the defendant in a piece of real estate, in the city of Shreveport, which he claimed to consist of one half thereof, and one sixth of the other half, and one fourth of one sixth of the same half (in other figures, to the 29-48ths of the same), brought this suit to effect a partition, contradictorily with his co-owners, the children of the defendant by a former marriage, namely: the heirs of B. F. Hollingsworth. These have demurred by a general denial, but have claimed ownership to the 19-24ths of the property.

The issues thus presented were first tried by the district court. Dissatisfied with the judgment rendered, the plaintiff appealed and the late Supreme Court decided that the lot in question was community property, and the plaintiff had acquired the proportion which he claimed, but considering that on the record before them, they could not undertake to fix what amounts, if any, were due by the community to the separate estate of the deceased husband, the Court remanded the case, to have the rights of the parties, *in this regard*, settled. 32 A. 162.

In furtherance of that decree, the case was tried *de novo*, and judgment was rendered, recognizing the pretensions of the plaintiff as owner of the 29-48ths, and the defendants as owners of the remaining 19-48ths of the property, directing the sale thereof, and a distribution of its proceeds between the parties litigant, in the proportion of their respective interests so adjusted. The district judge did not feel authorized, under the evidence adduced, to admit the claims of the heirs and children of Hollingsworth, for sums which they claim were invested in the community by the deceased, out of funds said to have been advanced to him by his father and by his executors, and for other heirs, furnished by themselves, after his death, out of their individual funds. From that judgment, the defendants have appealed, asking only, that they be allowed those sums out of the proceeds to be realized by the partition sale.

The record shows that *since* the case was remanded, the plaintiff, in the rights of the widow, demanded that the executors of B. F. Hollingsworth be ordered to file a full, fair, and complete account of their administration of his estate, and that he procured a decree to that effect.

Shortly afterward, the executors, in obedience to the order, presented a final account of their administration, accompanied by an explanatory petition, in which they declare, substantially, that the real estate inventoried was not sold, but passed into the hands of Mrs. Hollingsworth, who had qualified as tutrix, and that the only funds which had come to their possession was the sum of $1942 31 found in bank, which they disbursed in settlement of debts due at the death of Hollingsworth, or shortly after, as shown upon the account accompanying the petition. They prayed that the filing of the account be adver-

tised, and that the minors be cited through their legal representatives to show cause why the amount should not be homologated. The Court ordered the publication and the citation. At the subsequent instance of the executors, the amount was approved, and the applicants were discharged from their trust.

On the second trial of this case, the plaintiff introduced in evidence the petition for an account and the proceedings following it, including the judgment of homologation.

The defendants offered all the evidence adduced by them on the previous trial, and besides, some testimony, the whole of which was objected to, but the Court having admitted the evidence, bills of exceptions were reserved. The object of the defendants was to establish the money claims of the estate of Hollingsworth and of his minors against the proceeds of sale of the lot in question, which has been adjudged to be community property.

The grounds upon which the evidence received was opposed, as set forth in the first bill, are substantially: first, that the same was inadmissible under the general issue; and, second, that the judgment of homologation of the executors' account is conclusive on the defendants, and sets at rest forever the matters which they now seek to agitate.

In the opinion delivered by our immediate predecessors, in this very case, on a bill taken to the admission of the same evidence, under the same defense, the general issue, the Court held that the evidence was properly received to show a diminution of plaintiff's right in or upon the property. If the evidence was admissible for that purpose, it necessarily must likewise be permitted to prove a diminution of his pretensions to the proceeds of sale, which, when realized, will represent the property, and to which all claims against it will attach. 32 A. 162. See, also, 10 A. 80.

The judgment of homologation is no bar to the admission of the evidence. It cannot be considered as having the force of *res judicata*, for the plain reason, that the account upon which it was rendered, accompanied as it was by the explanatory petition of the executors, did not contemplate at all to liquidate either the succession or the community, but proposed merely to indicate in what manner the money inventoried, and which was the only asset which really had come to the hands of the executors, had been disposed of by them. It is conclusive only of such matters as are mentioned in it, and particularly of the claims absorbing the funds accounted for. It does not affect, to any extent, subjects which it does not embrace. Creditors who have not been placed upon it, and have not opposed it, could no longer ask in the probate court to be placed upon it, as the executors have been dis-

charged, and the heirs have been put in possession of the succession assets.

Over and above this, we do not find in the record that the heirs and children were directly notified of the rendition of the account. The only evidence to show notice was the newspaper advertisement. A citation was necessary to fasten upon the heirs the consequences of the homologation of the account. It is useless to quote authorities on this point.

The defendants next proposed to show by oral testimony, that, although in an act of sale, by their ancestor to their father, of the undivided fourth of a plantation in Bossier parish, it was stated that the purchase price was paid in ready money, still such was not the fact. To this offer the plaintiff objected on the ground that an authentic act, containing acknowledgments, cannot be impeached, contradicted, or explained by the parties to it, as such act makes full proof, for or against them, unless it be shown to be a forgery.

The testimony was allowed, and a bill was reserved. The plaintiff had not acquired the entire interest of Mrs. Hollingsworth in the community, but only in the Shreveport property, now sought to be partitioned. He had no interest to oppose the evidence offered, the object of which was only to show that the apparent sale was in reality a donation "en avancement d'hoirie," under the form of an onerous contract, and that the share so acquired did not form part of the community between the deceased and his wife.

The evidence shows that in the settlement of the succession of Samuel Hollingsworth this fourth interest was treated as a donation. 26 A. 545; 30 A. 966; C. C. 1900.

After considering the evidence, the lower court thought that the claims of the estate of B. F. Hollingsworth, and of his children, had not been sufficiently established, and did not allow them.

We have given that evidence our careful examination, and think that the defendants are entitled to relief.

In the opinion of our predecessors, it is said that "evidence was adduced by the defendants, which renders it somewhat probable that the funds ($2250) used in the purchase of this lot were the separate property of the husband." We not only endorse that view, but consider further, that the evidence adduced establishes with reasonable legal certainty that B. F. Hollingsworth has invested in that purchase part of a sum of money which his father had advanced him, and that the buildings subsequently placed upon the lot were paid for out of the sum of $4000, which he had obtained from the executors of his father, shortly before he himself had departed this life. The evidence does not satisfy us that, if any amount remained due to the contractor for the improvements

placed upon the land, it was paid out of money which accrued to the defendants from an insurance on their father's life, made for the benefit of his widow and children. Their mother is liable to them for the use which she has made, or authorized to be made, of that sum.

The recognized claims of the defendant, as representing the estate of B. F. Hollingsworth, must be satisfied out of the proceeds of the property to be sold in partition, as a debt of the community; what shall remain thereafter will constitute the residue of the community, and will have to be distributed between the plaintiff in the rights of Mrs. Hollingsworth, now Mrs. Williams, and the defendants in the rights of their deceased father, in the proportion of 29-48ths to the former, and of 19-48ths to the latter, to be divided among them *per capita.* C. C. 2402, 2409; 6 A. 634; 9 A. 60; 12 A. 549; 14 A. 618, 726; 17 L. 247; 7 R. 404; 2 A. 30; 25 A. 379; 26 A. 639; 31 A. 493; 32 A. 162.

The alienation of the surviving wife's interest in the community, which is only residuary, cannot prejudice the rights of the creditors of that community. Although that interest vests at the dissolution of the community, it is subject to the claims of the creditors of the community. 31 A. 493; 32 A. 162.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court, in so far as it directs the partition and sale of the property in question, be affirmed, and that in other respects it be reversed, and, proceeding to render such judgment as should have been next rendered by the lower court,

It is ordered, adjudged, and decreed that out of the proceeds of the sale of said property the defendants be paid the sum of six thousand two hundred and fifty dollars, and that after satisfaction of said sum, the balance remaining be divided between the plaintiff and the defendants, in the proportion of twenty-nine forty-eighths (29-48ths) to the plaintiff, and of nineteen forty-eighths (19-48ths) to the defendants ratably; the costs of both courts to be borne by the litigants in the same proportion.

## On Rehearing.

Further examination of the evidence in this case, as embodied in *two* transcripts, *one* of which only had not been submitted to us when we gave the matter our attention, and which has since been brought to our notice, induces us to alter our views, to some extent, favorably to the plaintiff.

The counsel for the plaintiff admits in his brief for a rehearing that the $1910 32 found in bank are part of the amount which Hollingsworth had obtained from the executor of his father shortly before his

death ; but he does not consider that it has the character of separate funds, as he deals with it as borrowed meney. We do not view the matter in the same light that the plaintiff does, but take it to be an *advance* on his share of inheritance. The executors could make no *loan*. We find that the whole $4000 previously allowed should be reduced to $1650, which were actually paid out of said balance in bank to the contractor of the buildings on the lot in question.

The complaint that we allowed to the defendants five forty-eighths, accruing to the plaintiff, is not founded. The *whole* proceeds of sale of the property will be subjected to the satisfaction of the amounts invested in the community by Hollingsworth, whom the defendants now represent. The fallacy underlying it consists in the assumption that those amounts are to be satisfied only out of the share of Mrs. Hollingsworth, now owned by the plaintiff. If it were so, the complaint would be just and proper; but it is not so. The amounts are to be paid as well from that share as from that of the minors ; what shall thereafter remain will then have to be distributed *pro rata*, as indicated in our previous finding.

It is therefore ordered that the opinion and decree in this case be amended, so as to allow sixteen hundred and fifty dollars, $1650, in place of four thousand dollars, $4000, in addition to the twenty-two hundred and fifty dollars mentioned, and so that the total, recognized as due the defendant, be fixed at three thousand nine hundred dollars only, $3900 ; and that so modified the opinion and decree remain otherwise undisturbed, and that execution thereof follow.