### No. 11,875.

### HYPOLITE LAROUSSINI VS. PHILIP WERLEIN.

*Prematurity*—A breach of contract being alleged, the suit was not premature.

*No cause of action*—If there was a contract as alleged plaintiff had no cause of action to compel the defendant to sign a deed of lease and accompanying notes.

The remedy was on the contract for rental or for damages and not for specific performance to coerce the obligor to sign notes and act.

| 48 | 13 |
|---|---|
| 48 | 1416 |
| 49 | 658 |
| 48 | 13 |
| 50 | 639 |
| s52 | 426 |
| 48 | 13 |
| 119 | 322 |
| 48 | 13 |
| 117 | 281 |

APPEAL from the Civil District Court for the Parish of Orleans. *Théard, J.*

*Henry Denis* and *Branch K. Miller* for Plaintiff, Appellant, cite: C. N., Art. 1142; Demolombe, Vol. 24, p. 486; 35 An. 1182; 35 An. 1221.

*Merrick & Merrick* for Defendant, Appellee, cite: 24 An. 50 and 433; 6 N. S. 585; 3 M. 349; 1 N. S. 421; 4 La. 77; 30 An. 110, 321 C.

C. 1927; 44 An. 67; 46 An. 713, 903.  No suit can be brought in restraint of personal liberty, and a citizen can not be forced to sign ·an authentic act and twelve promissory notes.  Laurent, Vol. 6, p. 256; Duranton, Vol. 474, Sec. 453; Marcadé, pp. 413, 414 (Art. 1142) ; Pothier, Vol. 1, Part 1, Chap. 2, p. 79, Sec. 157.

Argued and submitted November 20, 1895.
Opinion handed down December 2, 1895.
Rehearing refused January 6, 1896.

The opinion of the court was delivered by

BREAUX, J.   The defendant excepted to plaintiff's suit on the ground that it is premature, or if not premature, that plaintiff's petition discloses no cause of action.

The plaintiff alleges that the defendant was his lessee of a store and premises since July 1, 1890, at a monthly rental of seven hundred dollars, to September 30, 1895; that prior to the expiration of the term of the lease, he and the defendant entered into a verbal contract of renewal of lease for the term of five years, from October 1, 1895; that it was completed, closed and binding; that for the sake of reducing the contract to writing, to serve as evidence, and not to make it depend upon the deed, it was agreed to endorse the renewal upon the original lease, or to sign a deed similar in all re pects to the lease about to expire, save as to the dates and amount of rental.

That when requested, on the 5th day of April, 1895, to sign the renewal, the defendant declared that he had changed his mind, refused to sign, and added that he had no objection to sign a lease for one year.

The District Court passed upon the plea of prematurity ·and dismissed plaintiff's demand for the recognition and enforcement of the lease, and, on the ground of no cause of action, rejected plaintiff's demand to compel the defendant to sign a written renewal of the lease and accompanying rent notes.

Under the allegations, which must be taken as true, for the purpose of the trial on the exception, the contract was complete, and when the defendant was called upon it was manifestly his obligation

to sign the deed in accordance with alleged agreement. He refused and offered to substitute another contract.

He ignored the agreement to sign the deed, and in addition declined to hold himself bound as lessee at all, save upon terms not previously mentioned. The defendant was in possession of the property. While it is true that the original lease had not yet expired, it was not too early to enter into a contract at the time alleged, for a renewal and continuance. Moreover, it was the agreement, regularly entered into, by which the defendant positively refused to be bound. The breach of the contract, under the allegations, dates from this refusal to sign and to be bound by any of its terms and conditions. A suit to compel compliance with the alleged obligation was not premature; that is, if there was any such obligation, a fact admitted for the time being. We do not think it was necessary, in order to avoid the plea of prematurity, to postpone all judicail demand until the defendant's breach of contract by a refusal to pay the rent. Under the rules relating to pleadings, there is no necessity of retarding the progress of the action with the view of ascertaining whether the defendant will hereafter persist in not holding himself bound.

We pass from the ground of prematurity, which we do not think we are authorized to sustain, to the plea of no cause of action.

Our reading of the petition is that there is a contract of lease between the plaintiff and the defendant. But this court has never, by any decision, held an obligor to the specific performance of signing a deed or note.

The first decision cited by the defendant (Levine vs. Michel, 35 An. 1121) clearly announces that specific performance " should be guided by that respect for individual liberty which is an ennobling characteristic of our remedial system."

The second cited case, Wilberding vs. Widow Daniel Maher, 35 An. 1182, is not at all determinative of the issue here. It does not seem that it was ever contemplated to confine an obligor to coerce him to sign an authentic act and notes. This suit would inevitably lead to such action in the event of defendant's refusal to sign.

The unwillingness of the alleged obligor to sign at once suggests constraint and compulsion. The principle is appealing that in the matter of the discharge of obligations by the debtor personally, he can not be compelled to act against his will; that his liberty must be respected.

"L'homme est libre de ne pas remplir ses engagements, sauf a supporter les conséquences de cette inexécution; on ne peut pas lui enlever cette liberté en employant la violence." Laurent, Vol. 16, p. 258.

The plaintiff is not left without remedy if his rights are as alleged.

The plaintiff urges that no action for damages or rental can be an adequate compensation for the right to a written act of lease with the lessor's privilege.

To sustain that ground and take the case out of "in ordinary cases" stated in the Code, Art. 1926, and treat it as one in which there would be inadequate compensation, we would have to assume that the lessor would, beyond all question, find property affected by his privilege. The lessee may not have any property at all.

If he should own property affected by the privilege it does not follow that he can not recover damages amply compensating him arising from the failure of the defendant to comply with his obligation.

The judgment maintaining the exception of no cause of action is affirmed.