O’NIELL, J.
The defendant has appealed from a judgment condemning him to pay the plaintiff $2,013.14, the balance of a year’s salary, on the finding that the plaintiff had discharged the defendant from his employment as foreman of a print shop, without any serious ground of complaint.
The plaintiff annexed to and made a part of his petition the contract sued on, in the form of a letter from one H. D. Hamilton, which was accepted by the defendant, as follows, viz.:
“Please sign and return this to H. D. H„ 258 Broadway.
“New York, August 26, 1912.
“Charles Titcomb, Esq., P. O. Box 330, New Orleans, La. — Dear Sir: After interviewing Mr. Bernard Lurie, a practical printer of many years’ experience here in New York in various printing plants, personally known to me, I have offered him a position as superintendent in the Buskin Press, subject to confirmation by you, at two hundred ($200.00) per month for one year, you to pay his traveling expenses to N. O. The term of employment to begin as soon as Mr. Lurie reports at the plant for duty. A written contract to be entered into by you and him, which I suggest you let me inspect before its final execution.
“If this is satisfactory to you, kindly so indicate by signing both of these and returning them to me. I will then present them to him for signature when they will constitute a preliminary contract to bo replaced by one to be drawn after his taking hold in N. O.
“Very truly yours,
“Lfáigned] H. D. Hamilton.
“I agree to the foregoing,
“[Signed] Chas. C. Titcomb. “[Signed] Bernard Lurie.
“In presence of “[Signed] Walter Halliday.”
The plaintiff alleged that the written agreement or contract of employment was to be amplified by another contract to be entered into between him and the defendant after the plaintiff reported for work in New Orleans, which was to replace the contract of employment dated in New York, August 26, 1912. He alleged that the defendant paid his traveling expenses to New Orleans, and that he reported for work on the 17th of September, 1912; that on the following day the defendant had his attorneys to prepare a “substituting contract,” which plaintiff was willing and ready to sign, but that the defendant put off signing it, on various pretexts, and finally, on the 20th of November, 1912, discharged plaintiff from his employment, without any good or valid reason or cause. He alleged that he was employed for' a year, at 'the rate of $200 a month; that it was the custom of the defendant to pay plaintiff on the 1st and 15th of each month'; and that he was paid up to the 15th of November, 1912, $386.86. He alleged that he was a practical printer of many years’ experience, that he was competent to perform the duties for which he was employed, and gave his employer no serious cause for complaint.
Before. answering the petition, the defendant filed an exception, alleging that the petition was vague and indefinite, and did not disclose a cause of action. The exception of vagueness was overruled, and the exception of no cause of action was referred to the merits, to which rulings the defendant reserved bills of exception; and, with reservation of his exceptions, he answered the petition. The pleadings were filed before the passage of the act No. 157 of 1912, requiring each allegation of a petition to be set forth in a separate paragraph and requiring the defendant to admit or deny each allegation separately; and the pleadings were not drafted in that form.
The defendant denied generally all of the allegations of the petition. He averred that, as the written agreement sued on was only a preliminary agreement, contemplating the signing of a contract of employment, which was never signed, there was no contract of employment. He averred that he had the right to refuse to sign a contract of employment; that he discharged the plaintiff for cause, as he had a right to do, with or without a contract; and that, if he had signed the contract contemplated, he would have *14 had the right to discharge the plaintiff, under the terms and conditions of the contract. He alleged that, when he discharged the plaintiff, he offered to pay him for the 5 days he had worked, and was yet willing and ready to pay him; but defendant denied the plaintiff’s right to recover it in this suit on an alleged contract. After having filed 'the answer, the defendant filed what he called a peremptory exception, alleging that the suit was premature and should be dismissed. This plea was overruled.
On the trial, the document annexed to the petition was produced and the signatures were proven by the plaintiff, who was the first witness in the case. He then testified that lie was a practical printer of more than 35 years’ experience; that he caine to New Orleans and commenced working for the defendant under the contract of employment on the 17th of September, 1912, and was discharged on the 20th of November of that year; that he had been paid on the 1st and 15th of each month, to and including the 15th day of the month in which he was discharged. He testified that he was discharged by a Mr. Bayhi; that he (plaintiff) had a conversation with the defendant the next day, and the latter gave no reason for the discharge, merely saying that “what Mr. Bay-hi said went.” Continuing to answer the questions propounded by his attorney, the plaintiff then testified that no objection had been made to the services he had rendered, and that the defendant had not given any reason at all for discharging him. His attorney then asked him:
“Had there been anything happening during the course of your employment that would give Mr. Titeomb a reason to discharge you?”
To which the plaintiff answered:
“Nothing serious.”
Considering some explanation necessary, the attorney then asked:
“Well, what did happen after you came down here?”
To which he replied:
“After I came down here, we occasionally had a little talk about some spelling, the way things should be spelled in the office. * * * ”
Here the defendant’s counsel interrupted the answer, by objecting to the testimony as being irrelevant, unless the plaintiff assigned that (presumably meaning the complaint about the spelling) as a reason for his discharge. The court sustained the objection, on the ground that the defendant had not, in his answer, set forth any reason for the discharge. Observing that the defendant’s objection had operated like a boomerang, the plaintiff’s counsel acquiesced, with the remark that he considered his honor’s ruling very good. The plaintiff then testified that he had been willing and ready at all times to sign the contract referred to in the preliminary agreement, and had asked the defendant to sign it. He produced the unsigned document, which he said had been prepared by the defendant’s attorneys, and. it was filed in evidence, over the objection of the defendant’s counsel. The plaintiff’s counsel announced that he had completed the offering of his evidence, and the defendant’s counsel then proceeded to cross-examine the plaintiff. When the defendant’s counsel sought to have the plaintiff contradict his statement, that his discharge was “without any serious ground of complaint,” by examining him as to his competency to do the work of a foreman of a printing establishment, the plaintiff’s counsel urged the objection that the defendant had not alleged that he had discharged the plaintiff for incompetency. The objection was sustained, and, after the-cross-examination had gone as far as the court’s ruling would permit, the trial was continued from the 27th of March to the 10th of April. On the 7th of April, the defendant filed a supplemental answer, alleging that the plaintiff was utterly incompetent and had been guilty of insubordination. Judge Ellis, acting for Judge King, who was *16 absent on leave, ordered tbe supplemental answer filed. The trial of tbe case was not resumed until tbe 24th of April. Tbe defendant then offered testimony to prove tbe alleged incompeteney of tbe plaintiff, wbicb was again objected to by tbe plaintiff’s counsel. When bis attention was called to tbe supplemental answer, plaintiff’s counsel objected to its allowance, on tbe ground that it was filed too late. To which tbe judge, addressing tbe defendant’s counsel, responded:
“I think you are wrong, Mr. Wright. I shall overrule it.”
Opinion.
[1,2] There is no merit in the appellee’s contention that tbe defendant’s plea, that tbe plaintiff’s suit was premature, was an acknowledgment of tbe debt sued for. The defendant bad acknowledged, in bis answer, that be owed tbe plaintiff for 5 days’ work. Tbe plea of prematurity might have referred to tbe demand for that amount. This exception, however, was properly overruled, because it was a dilatory exception, and such exceptions cannot be considered if filed after the exceptor has answered the petition. C. P. 333; Pecquet v. Pecquet’s Executor, 17 La. Ann. 204; Wiltz v. Romes, 18 La. Ann. 187; Penniston v. Jefferson, 18 La. Ann. 158; Mortee v. Edwards, 20 La. Ann. 237; Meaux v. Pittman, 35 La. Ann. 360.
[3] The exception that the petition was vague and indefinite and did not disclose a cause of action should have been overruled. Tbe allegations of tbe petition are not vague or indefinite. Tbe plaintiff disclosed a cause of action by his allegations: That be was employed for tbe term of one year, at a salary of $200 a month; that it was tbe custom of tbe defendant to pay on tbe 1st and 15tb of each month; that tbe employment commenced on the 17th of September; and that be (plaintiff) was discharged on tbe 20th of November, without any serious ground of complaint, or, quoting the allegation, “without any good and valid reason or cause.” If these allegations are true, tbe plaintiff is entitled to a judgment for some amount. It may be for only tbe 5 days’ work which be bad performed and for which be was not paid when be was discharged; or it may be for the remaining 15 days in tbe month of November, or for a month commencing on tbe 15th of -November. These are questions to be determined after a trial of the case on its- merits. The appellant contends that tbe document annexed to and made a part of tbe plaintiff’s petition discloses that it was only a preliminary or tentative agreement, showing that the parties contemplated signing a contract of employment, and, that, in the absence of tbe contemplated written contract, there was no contract at all. In support of this contention, be refers us to tbe decisions in Des Boulets v. Gravier, 1 Mart. (N. S.) 420, Bloeker v. Tillman, 4 La. 77, Laroussini v. Werlein, 48 La. Ann. 13, 18 South. 704, and Canal Co. v. Burgin, 106 La. 310, 30 South. 863.
If the parties failed to agree upon the terms of tbe contract contemplated in their tentative or preliminary agreement, they could not be compelled to agree. But if, as is alleged by the plaintiff, tbe defendant bad-bis own attorneys to prepare a substituting contract wbicb suited the defendant and was submitted to and agreed to by the plaintiff, and if tbe defendant thereafter, as plaintiff alleges, “put off signing it, on various pretexts” (wbicb we understand to mean without good reason), “and finally, on tbe 20th of November, 1912, discharged plaintiff from bis employment, without any good or valid reason or cause,” tbe plaintiff has a cause of action under tbe terms of article 2749 of tbe Revised Civil Code. Our opinion, therefore, is that tbe allegations of tbe petition and the document annexed thereto and made part thereof do disclose a cause of action, *18 and that the exception of no cause of action should have been overruled.
[4-6] After a careful consideration of the ruling, excluding the evidence offered by the defendant to contradict the allegation and the testimony of the plaintiff, that his discharge was, in the language of the Code, “without any serious ground of complaint,” or, in the language of the petition, “without any good and valid reason or cause,” we are of the opinion that the-court erred. The ruling was based upon the proposition that the defendant, in his answer, should have informed the plaintiff of the particular ground or grounds of complaint or cause or causes for his discharge. The defense was considered a special defense, like the plea of contributory negligence in an action for damages arising ex delicto. We do not concur in that view. In order to set forth a cause of action, it was necessary for the plaintiff to allege in his petition, as he did allege substantially, and, in order to obtain judgment for the unearned salary, it was necessary for him to prove, as he testified substantially, that his discharge was without any serious ground for complaint on the part of. his employer. Whatever facts must be proven to maintain a suit upon its merits must be alleged to set forth a cause of action, even though the allegations be of a negative character. Succession of Herber, 117 La. 239, 41 South. 559; Backburn v. La. Ry. & Nav. Co., 128 La. 327, 54 South. 865; Vinton Oil & Sulphur Co. v. Gray, 135 La. 1066, 66 South. 357.
The plaintiff is demanding a judgment for a sum of money, for which he gave no consideration whatever, only by virtue of the provisions of the Civil Code. Article 2749, R. C. C., provides:
“If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before, that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived.”
To deny an allegation which, by the terms of the statute, the plaintiff is compelled to make and sustain with his proof, cannot be considered a special defense. Undoubtedly, it would be only a fair and reasonable requirement for the trial judge to compel the defendant, in a suit like this, to specify the ground or grounds of complaint or cause or causes of the discharge, if the plaintiff should require such particulars in the defendant’s pleading, before going to trial. In this case, no such demand was made by the plaintiff before the trial commenced. And, when the defendant supplemented his answer, by stating the grounds of complaint or causes for the discharge, the plaintiff objected to its consideration. In a case like this, it might well be presumed that the discharged employs was aware of the grounds of complaint or cause of his discharge. In this particular case, however, the plaintiff produced the unsigned contract of employment, which he testified he had had in his pocket for quite a long time, to the terms and conditions of which he sought to hold the defendant. The causes mentioned in the contract, for which the plaintiff might. have been “summarily discharged,” are “insubordination, intemperance and incompetency.” If the plaintiff deemed it necessary or important for him to know whether the cause of his discharge, or ground of complaint, was insubordination, intemperance, or ineompetency, or all of them, or some other complaint, his remedy was to demand that the defendant be more specific in his pleading.
For the reasons assigned, the judgment appealed from is annulled and set aside, and it is ordered that this case be remanded to the civil district court for a full trial in accordance with the views herein expressed, and particularly to hear evidence on the question *20 of the alleged incompeteney and insubordination, under the allegations of the supplemental answer.