No. 3265

Second Circuit

McNEELY v. SPEIGHT

(March 16, 1928. Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Elections by the People—Par. 80; Pleading—Par. 62.**
   Petition of plaintiff in election contest brought under Section 6, Act VIII, the Constitution of 1921, on account of permitting those convicted of a crime to vote, must contain sufficient allegations to show not only that person voting has been convicted of a crime but also that he had not been pardoned. Failure of petition to contain these allegations is sufficient for the court to maintain an exception no cause of action.

Appeal from the Eleventh Judicial District Court of Louisiana, Parish of Sabine. Hon. Hal. A. Burgess, Judge.

Action by H. F. McNeely against S. J. Speight, et al.

There was judgment for plaintiff and defendant appealed.

Judgment reversed and exception no cause of action maintained.

E. M. Fraser, R. A. Fraser, of Many, attorneys for plaintiff, appellee.

Boone & Boone, of Many, attorneys for defendant, appellant.

WEBB, J. The plaintiff, H. F. McNeely, seeks to have himself declared the nominee for police juror for ward two of Sabine parish, of the Democratic party under an election held in that ward on February 28, 1928.

There were two primary elections held in which the present parties, H. F. McNeely, plaintiff, and S. J. Speight, defendant, were opposing candidates for police juror and at the first primary election each having received an equal number of votes, a second primary election was ordered by the Parish Democratic Committee, and the parties admit that on the face of the returns as made by the commissioners each of them have received an equal number of votes at the second primary, although it is conceded that the Parish Democratic Committee had not canvassed the returns or promulgated the result prior to the present suit.

The specific allegations on which the plaintiff claims that he should be declared the nominee are as follows:

"Petitioner shows that on the day of the second primary at a voting precinct in ward two of Sabine parish, Louisiana, known as Palmer's Store Precinct No. 1, one of the two precincts of said ward, that one (A) presented himself and demanded a right to vote; that (B), a commissioner of said election in said ward of said parish and state, protested the ballot of the said (A) on the grounds that he was convicted of a felony in the parish of

Sabine, State of Louisiana, on the 29th day of October, in the year 1919, and sentenced to the penitentiary of this state at hard labor for a period of from ten to twelve years; that the said (B), commissioner of said election attached to the ballot cast by the said (A) the necessary memorandum setting forth the grounds of protest as the law directs; and that the said (A) in casting his ballot voted for the defendant S. J. Speight."

"Petitioner further shows that the returns of the second primary election show that from the two precincts of ward two your petitioner received one hundred and eight votes; that the defendant, S. J. Speight, by counting the protested ballot, received a like number; that if the protested ballot is adjudged null and void, as according to law and equity it should be, that your petitioner, H. F. McNeely, will be declared the Democratic nominee for police juror for ward two of Sabine parish, Louisiana."

The defendant excepted that the petition failed to state a cause of action, which being overruled, he answered pleading, in effect, a general denial, and further alleged that certain persons (seven in number) voting for plaintiff were not qualified voters and that their ballots should not be counted, thus leaving him a majority of the ballots, and praying that plaintiff's demands be rejected and that he be declared the nominee.

On trial, judgment was rendered in favor of plaintiff and defendant appealed.

The right to bring this action is apparently based upon the Constitutional provision (section 6, Article VIII) which declares:

"The following persons shall not be permitted to register, vote, or hold office * * * to-wit: Those who have been convicted of any crime which may be punishable by imprisonment in the penitentiary, and not afterward pardoned with express restoration of franchise * * *."

And the exception of no cause of action was based upon the failure of plaintiff to allege that the person casting the protested ballot had not been pardoned with restoration of his right of franchise, and on certain provisions of the statute which we do not deem it necessary to consider.

Counsel for plaintiff cite some cases which state the general rule to be that one does not have to allege and prove a negative, and it is urged that plaintiff was not bound to allege that the person casting the protested ballot had not been pardoned and his right of franchise restored.

There is possibly some conflict as to the weight or the sufficiency of evidence to show that a person voting at an election is an illegal voter, but it must be conceded that the burden of proof would have been upon plaintiff to show that the challenged voter was an illegal voter (Jones, Ev., No. 180), and considering without deciding that the allegations made were equivalent to charging the challenged voter with having been convicted and sentenced to serve a term in the state penitentiary, we think it was incumbent on plaintiff to allege the facts showing he was an illegal voter.

The fact of the person having cast the protested ballot having been convicted of a felony and having been sentenced to the penitentiary, does not necessarily show that he was an illegal voter and the sole ground upon which the plaintiff claims the right to be declared the nominee being that the person casting the protested ballot was an illegal voter, we are of the opinion that he should have set forth the facts which, if true, would show that the person casting the ballot was an illegal voter, though it was necessary to allege facts of a negative character. (Cross, Pleading, page 93, No. 78.)

"Whatever facts must be proven to maintain a suit upon its merits must be alleged to set forth a cause of action, even though

the allegations be of a negative character."
(Lurie vs. Titcomb, 139 La. 9, 71 South. 200.)

We therefore are of the opinion that the exception of no cause of action should have been sustained.

As stated above, it was conceded by the parties and is indicated by the record that the Parish Democratic Committe had not canvassed the returns of the election as provided by the statute (Act No. 97 of 1922) prior to the present action being initiated, and in considering the case we do not express any opinion on the question of the right of the parties to have initiated the action prior to the returns having been tabulated and compiled by the Parish Democratic Committee or prior to the committee having promulgated the returns or declared any one to be the nominee of the party. (See sections. 26-27, Act No. 97 of 1922.)

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that the exception of no cause of action filed by defendant be sustained and plaintiff's suit dismissed at his cost.