## JUZAN–NICHOLAS & CO. v. FIDELITY & DEPOSIT CO. OF MARYLAND.
### No. 14809.

Court of Appeal of Louisiana. Orleans.

Feb. 18, 1935.

John C. Hollingsworth, of New Orleans, for appellant.

P. M. Milner, of New Orleans, and C. A. Morvant, of Thibodaux, for appellee.

WESTERFIELD, Judge.

This is an appeal from a judgment maintaining an exception of prematurity and dismissing plaintiff's suit.

On November 4, 1932, Juzan-Nicholas & Company, plaintiff herein, brought suit in the civil district court against the Fidelity & Deposit Company of Maryland for $1,116.90, alleging that that amount was due it by one of its employees, a fur buyer, D. P. Pere, under circumstances which rendered the defendant liable on a certain bond issued by the defendant to the plaintiff guaranteeing the financial integrity of its employees, particularly the said Pere. The defendant filed an exception of no cause or right of action, which was overruled, then a prayer for oyer for the bond sued on, and on February 10, 1933, an answer in which, among other defenses set up, it was averred in paragraph XI that:

"Respondent denies that your respondent ever undertook by its bond to indemnify the petitioners against 'all acts of said D. P. Pere in handling the money of petitioners,' but avers on the contrary that the only obligation of respondent to the plaintiff was to indemnify it against loss by acts of larceny or embezzlement, and no further, and that the plaintiff has never been willing to charge, as far as respondent is informed and believes, D. P. Pere with larceny or embezzlement, and respondent shows that in the correspondence which occurred between the plaintiff and your respondent, respondent called attention of the plaintiff to the fact that under Condition B–7 of the bond, it was provided:

"'In case any employee shall commit any act of larceny or embezzlement as aforesaid, the employer shall, if requested by the surety so to do, swear out a warrant for the arrest of said employee.'

"Respondent shows that in connection with this condition, which is a condition precedent to a recovery by plaintiff of any sums of money under the bond executed by respondent, it did, on or about February 8th, 1933, by registered mail give notice, copy of which is attached hereto and made part hereof and marked D–1."

On March 1, 1933, plaintiff filed a plea of estoppel by waiver of the condition of the bond set up in article XI of defendant's answer. On November 7, 1933, when the case was called for trial on the merits, a plea of

prematurity was filed on behalf of the defendant company in which it was stated that the filing of an affidavit in the criminal court charging the defaulting employee of plaintiff with embezzlement was, under the terms of the bond, a necessary prerequisite, for recovery, if demanded by the defendant insurance company; that such demand was made and had not been complied with, and, consequently, plaintiff's claim was premature and should be dismissed. After hearing argument, the exception was maintained and the suit dismissed. From this judgment plaintiff has appealed.

In our opinion the exception of prematurity should not have been considered by the court because filed too late. Code Prac. art. 333; Meaux v. Pittman, 35 La. Ann. 360; Wiltz et ux. v. De St. Romes, 18 La. Ann. 187; Penniston v. City of Jefferson, 18 La. Ann. 158; Lurie v. Titcomb, 139 La. 9, 71 So. 200; Simon v. McMeel, 167 La. 243, 119 So. 35.

The issue raised by the exception is also raised in defendant's answer, and, when the case shall have been tried upon the merits and the plea of estoppel considered in connection with this defense, the court will be in position to pass upon the point which was the subject of the belated exception. As the matter now stands, there is nothing in the record to show that a demand was ever made upon the plaintiff to comply with the provision of the bond relative to the preferment of charges against its employee, nor is there any evidence to support the plea of estoppel, or anything to indicate what disposition was made of it by the trial court. The fact that in plaintiff's petition an offer is made to "initiate a prosecution if desired by defendant, in the form of an affidavit against D. P. Pere, in the Parish of Orleans, provided only that the Fidelity and Deposit Company of Maryland should contemporaneously therewith, or theretofore bind and obligate itself, in writing, to save and hold harmless ever thereafter, these plaintiffs from any civil or criminal responsibility in the event that the said D. P. Pere should be adjudged not guilty of any crimes which the said plaintiff should see fit to charge said D. P. Pere with having committed, and said Defendant has failed and neglected to enter into such a written guarantee," may ultimately have the effect, claimed for it by counsel, of dispensing with the necessity of proof of a demand for the preferment of charges, since the condition attached to the offer to prefer such charges is not justified by any provision in the bond issued by the defendant, the basis of the suit. But that question has properly been raised only in the answer of defendant and cannot be considered in advance of the trial upon the merits by means of an exception of prematurity filed on the day set for the trial of the case.

The other issues raised by the pleadings do not concern us at this time because we are of the opinion that the case must be remanded for trial upon the merits.

For the reasons assigned the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that this cause be remanded to the civil district court for the parish of Orleans for further proceedings according to law and consistent with the views herein expressed.

Reversed and remanded.