## SOUTHERN HOMESTEAD ASS'N, Inc., v. PERRIN.

### No. 1580.

Court of Appeal of Louisiana. First Circuit.

March 23, 1936.

J. H. Inman, of Ponchatoula, for appellant.

W. W. Comish, of Ponchatoula, for appellee.

LE BLANC, Judge.

Plaintiff appeals from a judgment in the lower court which rejected its demand against the defendant and dismissed its suit at its costs.

The demand, as we view it, is one for $200 for rent of a certain property described in the petition as being situated on the west bank of Tangipahoa river, south of the Pontchatoula-Madisonville highway in the Seventh ward of Tangipahoa parish and known as the "Sheridan Place." The rent claimed is for the year beginning July 1, 1934, and ending June 30, 1935. Interest is also claimed by the plaintiff on the full amount at the rate of 8 per cent. per annum as well as attorney's fees in the sum of 10 per cent.

Plaintiff alleges that it rented the same property to the defendant for the year July 1, 1931, to June 30, 1932, for $300, under a written lease with rent note in connection therewith. That it again rented the same property to the defendant for the two following years at $200 each year, under written contracts of lease with notes in connection therewith, and that it entered into the same agreement for the year 1934–1935, but that the written contract and note, although prepared, were never actually signed by the defendant, although he frequently promised to do so and always led plaintiff to believe that he would. In paragraph 10 of its petition, plaintiff makes this specific allegation:

"That defendant enjoyed the use of said premises for the term without having actually signed the lease, and, upon the rent becoming due, petitioner demanded same, but that defendant refused payment on the ground that he had not signed the lease."

The judge a quo did not file written reasons for judgment, and we have not been favored with an argument, either orally or by brief, by counsel for the defendant. We obtain the information from brief of counsel for plaintiff, however, that the exception was sustained on the authority of the case of Laroussini v. Werlein, 48 La.Ann. 13, 18 So. 704.

Upon reading the decision in the case cited, it becomes apparent that in its important feature respecting the cause of action, it is entirely different from the case now before this court.

The demand in that case was one for specific performance. The plaintiff alleged that there had been an agreement between him and the defendant to renew an original five-year written lease by indorsing the renewal on the original, or by signing "a deed similar in all respects to the lease about to expire, save as to dates and amount of rental," and that when requested to sign the renewal, the defendant declared that he had changed his mind and refused to do so. It was on this refusal that plaintiff then sought by the action he instituted, to compel the defendant to sign the deed which would have constituted written evidence of the contract. The court refused to grant plaintiff the relief in the form in which he presented his demand on the ground that it would place some restraint on the defendant's liberty in the matter of contracting or of discharging an obligation. It did suggest to the plaintiff, however, that he was not left without remedy and that he might have a claim either for rent or for damages. Plaintiff in this case seems to have adopted that suggestion and has presented a demand, which in our opinion is for the rent due by the

defendant for one year after having occupied its premises under a contract which was agreed upon between them. There is no suggestion in the petition that plaintiff desires to have defendant execute a written lease. According to the allegations of the petition, which for the present must be accepted as true, when plaintiff filed its suit, the term, for which the amount of rent is now claimed, had expired, and defendant had already enjoyed the use of the premises. The signing of any lease would have served but little purpose save as a matter of evidence, and if, without such evidence, plaintiff can otherwise prove its case, there is no reason why it should not be permitted to do so.

We are of the opinion that the exception was improperly sustained in the lower court, and the judgment which rejected the demand and dismissed plaintiff's suit will have to be reversed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and the same is hereby set aside, avoided, and reversed, and it is now ordered that the exception of no cause of action filed herein be and the same is hereby overruled, and that the case be remanded to the lower court for further proceedings according to law. Defendant appellee to pay all costs.