AYRES, Judge.
This is an action upon an alleged contract of sale wherein plaintiff seeks to recover judgment of the defendant for the alleged price of certain described and itemized merchandise. From a judgment in plaintiff’s favor, defendant appealed.
The matter presented for resolution concerns a question as to whether the defense urged is such an affirmative defense that it must be specially pleaded. The defense is a denial of the existence of a contract of a sale of the merchandise. Plaintiff specially alleged, in Paragraph 2 of its petition,
“That petitioner sold and delivered to the defendant certain merchandise as detailed on the attached statement for the unit and total price as shown on said statement, all as will appear by said statement which is attached hereto, filed herewith and made a part hereof. That said merchandise was sold and delivered on September 14th, 1960 and ac *130 cepted by the said defendant on that date.”
In answer to this allegation, defendant’s answer contains this denial:
“Defendant denies the allegations of Paragraph 2 of plaintiff’s petition.”
We are informed by the record that plain-ciff and defendant are each distributors of rugs, and that the subject matter of the alleged contract was a display stand and certain batches of rug samples. A discussion of a proposed sale was had between representatives of plaintiff and defendant which plaintiff contends culminated in a contract of sale, following which the merchandise was delivered to defendant’s place of business and a receipt for its delivery obtained from one of its employees.
Defendant’s position is that no agreement was made or a contract entered into for the purchase of this particular merchandise. Thus, the defense is there was no contract of sale-—no agreement as to the merchandise proposed to be sold or as to a price therefor.
When defendant sought to introduce evidence in rebuttal or in contravention of the testimony offered by plaintiff as to the contract of sale, plaintiff objected to the introduction of such testimony on the ground that the defense urged was an affirmative defense required to be specially pleaded. The objection was sustained and, accordingly, plaintiff’s evidence was excluded.
The denial of the existence of a contract upon which a plaintiff must rely for recovery of judgment against a defendant is not an affirmative defense requiring special pleading. LSA-C.C.P. art. 1005; Lurie v. Titcomb, 139 La. 9, 71 So. 200.
In the aforesaid case, the court stated:
“To deny an allegation which, by the terms of the statute, the plaintiff is compelled to make and sustain with his proof, cannot be considered a special defense. * * * ”
The answer of the defendant, as set forth hereinabove, complies with the requirement that an answer admit or deny the allegations of fact contained in each paragraph of the petition. LSA-C.C.P. art. 1004.
Thus, as already observed, the issue as to the existence of a contract of sale was clearly developed. The duty first devolved upon plaintiff to substantiate its allegations by adequate proof and establish the existence of the contract relied upon before any judgment could be rendered for it. After plaintiff had adduced the evidence in support of its demand, the defendant had the right to rebut or traverse same by the introduction of any competent evidence available to it. Green v. New Orleans, S. & G. I. R. Co., 141 La. 120, 74 So. 717; Lynch v. ICnoop, 118 La. 611, 43 So. 252, 8 L.R.A., N.S., 480, 118 Am.St.Rep. 391, 10 Ann.Cas. 807; Jackson v. Illinois Cent. R. Co., 46 La.Ann. 226, 14 So. 514; Williams v. Fisher, La.App. 1st Cir., 1955, 79 So.2d 127; J. D. Adams Co. v. Dauterive, La.App.2d Cir., 1940, 193 So. 506; Scott v. Brown Paper Mill Co., La.App.2d Cir., 1937, 174 So. 212; Spillman v. Texas & P. Ry. Co., 17 La.App. 473, 135 So. 66.
See, also: Barr v. Henderson, 105 La. 691, 30 So. 158; State ex rel. Billon v. Bourgeois, 47 La.Ann, 184, 186, 16 So. 655; Durham v. Williams, 32 La.Ann. 968, 971; Byrne v. Hibernia Nat. Bank, 31 La.Ann. 81; Budreaux v. Tucker, 10 La.Ann. 80.
In the latter case, the court stated :
“ * * * Special allegations in the answer are not necessary to authorize the introduction of evidence, the direct tendency of which is to disprove what the plaintiff alleges. Powers v. Steamboat Patriot et al. 3 L.R. 347. Stone et al. v. Clifford, Ibid 349. * * * ”
We, therefore, conclude that it was error to exclude defendant’s evidence, proffered for the purpose of rebutting or traversing plaintiff’s evidence as to the existence of a contract of sale of the mer *131 chandise allegedly sold by plaintiff to defendant. This exclusion was prejudicial to defendant’s defense, and requires a reversal of the judgment appealed and a remand of the case for the admission of defendant’s evidence.
Accordingly, the judgment appealed is annulled, avoided, reversed and set aside; and
It is now Ordered, Adjudged and Decreed that this cause be, and the same is hereby, remanded to the Honorable, the First City Court of the City of New Orleans and ordered reopened for the introduction of evidence by defendant bearing upon the issue of the existence of a contract of sale of the alleged merchandise, as well as such evidence as may be offered by plaintiff in rebuttal, all in accordance with law and consistent with the views herein expressed.
It is further Ordered, Adjudged and Decreed that the plaintiff-appellee pay the cost of this appeal, all other costs to await final disposition of this cause and judgment to be rendered herein.
Reversed and remanded.