36 So.2d 724

**PARKER, SEALE & KELTON v. MESSINA.**

No. 38509.

June 1, 1948.

Rehearing Denied July 2, 1948.

Jesse Hunter Inman, of Baton Rouge, for defendant-appellant.

Lemuel C. Parker and Hamlet D. May, both of Baton Rouge, for plaintiff-appellee.

HAMITER, Justice.

The law partnership of Parker, Seale & Kelton, domiciled in East Baton Rouge Parish and composed of L. C. Parker, A. G. Seale and Ralph M. Kelton, instituted this action against Sam Messina seeking to recover on a quantum meruit a fee of $2500 for legal services rendered to the defendant's wife, Mrs. Mabel Jane Burnham Messina.

The district court rendered judgment in favor of plaintiff in the sum of $1250 and the defendant appealed. Answering the appeal, plaintiff prays that the award be increased to the amount originally demanded; and, in the alternative, that it be awarded damages as for a frivolous appeal.

The record discloses that during the evening of Sunday, September 9, 1945, Ralph M. Kelton, of the plaintiff law firm, went to his office at the request of Mrs. Messina and conferred with her regarding marital difficulties which she was then experiencing with the defendant. The conference having resulted in a decision to seek a dissolution of the marriage, a settlement of the community existing between the parties, and alimony for the wife, Kelton spent several hours that night preparatory to drafting the appropriate pleadings. About 11:00 o'clock the following morning a suit for separation from bed and board was filed, it charging the husband with cruel and inhuman treatment. In connection therewith the attorney recorded a notice of pendency of the action, and he obtained the issuance of a temporary restraining order and a rule for a preliminary writ of injunction, all to prevent a disposal of the community property. Also, there was issued a rule for alimony pendente lite.

Shortly thereafter Kelton learned that previous to the suit's institution, but on the same day, the defendant had transferred to his brother, John J. Messina, by a notarial act, some immovable property allegedly belonging to the community. Thereupon he prepared and filed another suit to obtain the annulment of the transfer; and, incidental thereto, he recorded a notice of pendency of that action and secured the issuance of a writ of judicial sequestration.

The rule for alimony pendente lite was heard on October 2, 1945 (the testimony elicited at the hearing consumed some forty pages of the transcript), and the court awarded the wife $100 per month, commencing from the date of the filing of her separation suit.

On November 19, 1945, pursuant to an order of court, there was prepared an inventory and appraisement of the property (both real and personal) belonging to the community existing between the husband and wife. It listed various items having a total value of $24,676.84.

On April 15, 1946, defense counsel filed a motion in the separation proceeding suggesting "that the plaintiff herein did on trial of the above entitled and numbered suit, move for the dismissal thereof; that the injunction therein already in effect and the judicial sequestration against both defendant and his brother, John J. Messina, fall as a necessary consequence." And, as a result of that motion and suggestion, the court ordered "that the injunction and the judicial sequestration coupled with the above suit be and the same are hereby vacated, annulled and set aside."

The record does not reveal the exact date of the dismissal of the separation suit; it

contains no court minutes of the proceeding. Evidently, the dismissal occurred prior to April 4, 1946, for on that date John J. Messina retransferred to the defendant the immovable property about which the second or annulment suit was filed.

The instant action, instituted by the wife's attorneys against the husband to recover a fee for the legal services rendered, was filed April 24, 1946. For its success the plaintiff law partnership relies on the well established jurisprudence of this court, as well as of the Courts of Appeal of this state, relating to cases of this kind. That jurisprudence is to the effect that if the wife is successful in her separation or divorce action, she is entitled to a judgment against her husband for reasonable attorney's fees; but if, on the other hand, she is not successful in the action, and the community of acquets and gains is not dissolved, the attorney for the wife has a cause of action for such fees against the husband, as head and master of the community, upon a quantum meruit for services rendered, it being a community obligation. Benedict et al. v. Holmes, 104 La. 528, 29 So. 256; Gosserand v. Monteleone, 159 La. 316, 105 So. 356, 42 A.L.R. 310; Gosserand v. Monteleone, 164 La. 397, 113 So. 889; Spiller v. Spiller, 170 La. 813, 129 So. 212; Starns v. Starns, 176 La. 610, 146 So. 165; Hughes v. Hughes, 177 La. 785, 149 So. 455; Tullis v. Calhoun, 184 La. 207, 165 So. 714; Alpha v. Aucoin, La.App., 167 So. 835; Benton et al. v. Losavio, La.App.,

176 So. 676; Wilson v. Henderson, La. App., 191 So. 602.

While recognizing the jurisprudence of this state to be as thus recited, defense counsel contends that under it recovery of attorney's fees is allowed only when the wife's unsuccessful suit was brought on probable cause and in good faith or when there has been a reconciliation between the parties, and he insists that not one of those elements was shown to be present in the litigation under consideration. To quote from his brief, he argues:

"The Court has never held the husband responsible for the wife's attorney's fees in a cause brought without probable cause, in legal bad faith, which was not successful and in which there had been no reconciliation barring prosecution of the cause to a successful termination.

"The suit at bar fails to qualify under any one of these conditions and the demand, therefore, should be denied, together with all costs to be paid by plaintiffs-appellees."

Should probable cause be essential (a question we find unnecessary to decide), its existence is clearly shown by the wife's pleadings in her separation suit against the husband. Her petition, as amended, contains allegations of numerous acts of cruel treatment the proof of which would have justified the rendition of the judgment sought. It states, in other words, a cause of action. And for the purpose of

passing on the claim of her attorneys for services rendered those allegations must be accepted as true; certainly the trial of the separation suit, without the assistance of the wife, is not a condition precedent for recovery.

 Of course, it is elemental that good faith is a requisite. But good faith is always presumed, and he who urges bad faith must prove it. Defendant has not shown bad faith on the part of either his wife or her attorneys; in fact he offered no evidence whatever in defense of this suit.

Notwithstanding a statement of defense counsel to the contrary, the record discloses a reconciliation between defendant and his wife prior to the filing of this suit. Before us is a certified copy of the deed dated April 4, 1946, which evidenced a retransfer of the property by John J. Messina to this defendant, and therein it is recited that the conveyance is made "unto Samuel Joseph Messina, husband of Mabel Jane Burnham, with whom he lives * * *." And reference was made to this recital by attorney Kelton while testifying during the trial of the case, he having stated without objection: "At the time it was transferred, April 4, 1946, I wish to call the court's attention to the fact that at that time it was stated in the deed that Mrs. Messina was living with Sam Messina."

 In all events, however, we do not interpret our jurisprudence as requiring a reconciliation between the parties before an attorney can recover his fee (defense coun-

sel contends it does). In Gosserand v. Monteleone, supra, it is true, there had been a reconciliation after the wife's filing of a separation suit, and her attorney was allowed to recover from the husband a fee for services rendered to the wife. But the recovery was permitted notwithstanding and in spite of the reconciliation, not because of it. Previous to that decision the court had held that where the wife fails in her suit for a separation or divorce the husband is not liable to her attorney (Tucker v. Carlin, 14 La.Ann. 734, 744); but if she succeeded in her demand, and the community was dissolved, liability for the fee attached. Benedict v. Holmes, supra. In subsequent cases on the subject, the matter of reconciliation has been given no important consideration. In fact, in several of them, where the wife's suit was unsuccessful and the attorney was permitted recovery, it is apparent that no reconciliation took place. Spiller v. Spiller, Starns v. Starns, Hughes v. Hughes, all supra.

 Although defendant does not contest here the fee of $1250 fixed by the district court, we have considered the award and do not find it excessive. The representation of Mrs. Messina was attended with many difficulties, as her attorney testified and as was further evidenced by the necessity of instituting a suit to annul the transfer of property by defendant to his brother. Numerous pleadings were prepared and filed, some of which are not described hereinabove, and many conferences were held

with the client and with others. Also there occurred the trial of the rule for alimony pendente lite and the taking of an inventory of the community estate which listed property having a total appraised value of $24,676.84. As said in Gosserand v. Monteleone (on the merits), supra, in fixing the quantum of the fee [164 La. 397, 113 So. 891]: "The difficulties of the case, the amount in controversy, and other attending circumstances must be considered, in connection with the physical and mental labor and the responsibility incurred."

Neither do we feel justified in increasing the fee, as prayed for by plaintiff in its answer to defendant's appeal. Much discretion is permitted the trial court in making such an award commensurate with the services performed, and the record does not satisfy us that its discretion has been abused in this action.

Plaintiff's contention that the appeal of defendant is frivolous and that he should be condemned to pay damages under Code of Practice Article 907 can not be sustained. When an appellee asks that the judgment be amended, as was done in this case, damages for a frivolous appeal will not be allowed. Mahan v. Michel, 27 La. Ann. 96; Dennis v. Huber, 151 La. 589, 92 So. 126; Ferris v. Quinn, La.App., 21 So.2d 106.

The judgment is affirmed.

O'NIELL, C. J., absent.