HAMITER, Justice.
Mrs. Katherine Kalpakis, plaintiff in this action in which she seeks a separation from bed and board from her husband, is appealing from a judgment sustaining an exception of no cause of action directed at the allegations of her petition and, accordingly, dismissing the suit.
In the petition plaintiff alleged:
“That on December 10, 1925, she was married to defendant herein in the Town of Minden, Webster Parish, Louisiana, as more fully evidenced by the procés verbal of their said marriage recorded in Marriage Book 15, page 120, of the Records of Webster Parish, Louisiana, made a part hereof by reference thereto.
“That following their said marriage, your petitioner and defendant established their matrimonial domicile in Minden, Webster Parish, Louisiana; where her domicile remained until she removed to and established her domicile in the City of New York, New York, as hereinafter set forth.
“That on or about August 18, 1949, written application purportedly signed by your petitioner’s son, Arthur Anastasious Kalpakis, was made to Dr. Richardson, the Coroner for Webster Parish, Louisiana, for the commitment of your petitioner to an institution for insane or mentally defective persons.
“That petitioner believes, and therefore avers, that defendant herein knew. or should have known that aforesaid application had been filed.
“That your petitioner believes, and therefore - avers, that said application *744 was made at the behest, instance and request of defendant herein, and with his knowledge, permission and consent.
“That your petitioner learned that aforesaid application had been made, and that, upon learning thereof, she became greatly worried, and mentally disturbed and upset.
“That the filing of aforesaid application caused your petitioner considerable mental pain and anguish, and to fear for her liberty, and that, in order to avoid these consequences and the consequences set forth in Article 7 hereof, your petitioner was forced to depart from Minden, Louisiana, on or about August 22, 1949, and remove to and establish her domicile in the City ■of New York, New York.
“That your petitioner further shows that defendant herein thereafter traveled to New York, New York, and personally attempted, through deceit and with physical force, to confine your petitioner in the ‘West Hill Sanitarium’, a mental institution in the City of New York, New York, on or about October 17, 1949, against the wishes and without the consent of your petitioner.
“That the aforesaid acts of defendant have caused your petitioner much mental pain, anguish, grief and suffering, and that the further living of your petitioner with defendant herein as man and wife is insupportable.”
Following the filing of the suit defendant, in limine, first excepted to plaintiff’s capacity to sue, pleading that she is mentally affected to the extent of not realizing the import of her acts, and, therefore, is not capable of standing in judgment. He prayed that a special hearing be had on his plea; that the exception be sustained; and that the court use its wise discretion, in its orders and judgments, looking to the restoration of the mental condition of the plaintiff herein, all at defendant’s expense.
On plaintiff’s objection to any hearing with reference to her mental condition, the court overruled defendant’s exception of want of capacity.
Defendant then filed exceptions of no right and no cause of action. About the same time he applied to this court for remedial writs to compel the district court to reinstate his exception of want of capacity and to grant a hearing thereon. The writs were refused, the reasons assigned being that “Relator has a remedy by appeal, in the event of a final adverse judgment in this case.”
After the writs were refused the district court heard arguments on defendant’s exceptions of no right and no cause of action. The result of the hearing was a judgment sustaining the exception of no cause of action and dismissing the suit.
This appeal by plaintiff followed. Defendant has filed an answer to the appeal in which he urges:
*746 1. That the ruling of the lower court ■sustaining the exception of no cause of action be sustained.
2. Alternatively, and only in the event the exception of no cause of action be reversed, that the ruling of the district court ■overruling his exception of want of capacity and denying him the right to a hearing thereon be likewise reversed, and that in remanding the cause to the district court, this court direct the lower court to reinstate said exception, and permit defendant to introduce evidence in support thereof.
Relying upon those cases in our jurisprudence which hold that cruelty (a ground for separation from bed and board under LSA —Civil Code Article 138) may arise from mental harassment alone, counsel for plaintiff insists that the petition alleges cruel treatment and, therefore, states a cause of action. In this connection he particularly ■directs attention to the allegations which show that the son of plaintiff, at the behest and request of the defendant, made written .application to the Coroner of Webster Parish for her commitment to an institution for mentally defective persons; that upon learning of the application she became worried and upset; that as a consequence of her mental disturbance, and fearing of being deprived of her liberty, she established her domicile in New York; and that •the defendant thereafter traveled to New 'York and personally attempted, through deceit and with physical force, to confine her against her wishes in a mental institution of that city. Then counsel, to quote from his brief, argues :
“Taking the above picture as a whole, defendant’s aforesaid actions are not those of a kind, loving and considerate husband, who has a regard for his wife’s rights, feelings and reactions, but his acts are those of a callous, unloving husband, who will resort to any means designed to accomplish his ends.
“It is therefore no more than natural that, as averred by plaintiff, her husband’s aforesaid conduct and actions have harassed her and caused her much mental pain, anguish, grief and suffering, and that the further living with him has become insupportable to her.
“Any unjustifiable conduct on the part of either the husband or the wife which so grievously wounds the mental feelings of the other, or such as in any other manner ultimately destroys the legitimate ends and objects of matrimony, constitutes cruelty, although no physical or personal violence may be inflicted or threatened.” (Emphasis ours.)
If from all of the factual allegations made by plaintiff we could reach the conclusion that defendant’s conduct was unjustifiable and unwarranted, as her counsel argues it was, a holding that he was guilty of excessive cruel treatment and that the petition states a cause of action would be inescapable.
On the other hand the petition should be decreed defective if such allega *748 tions do not disclose, either expressly or impliedly, that defendant acted unjustifiably or without probable ' cause. Our statutes prescribe several methods for commiting a mentally ill person who is in need of observation or care (LSA-R.S. 28:51 et seq.), one being the method to which this defendant resorted in his attempt to obtain the commitment of plaintiff to a Louisiana institution. Now if the defendant in that attempt was in good faith, having valid reasons to believe that his wife was deranged in mind to the extent that she required medical attention and hospitalization, unquestionably his actions did not and could not constitute cruelty. Rather, under those circumstances, they would have been expected of him and wholly justified, all in keeping with his obligation imposed both by law and by his marriage vow to maintain his wife in sickness as well as in health.
In the statute providing for a Coroner’s commitment of a patient to a Louisiana institution any near relative or. other responsible person is authorized to apply therefor (LSA-R.S. 28:52). Clearly, among those contemplated for taking the initiative is the husband of the patient; but it is certain that he would never make an application -to commit his wife, even though entertaining the sincere conviction that she needed the hospitalization, if to do so his good faith act would constitute cruelty by reason of which a judgment of separation from bed and board against him could be rendered.
Furthermore, if this defendant-acted in like good faith when allegedly attempting to confine plaintiff in a New York-mental sanitarium he was not necessarily guilty of cruel treatment, notwithstanding that he used some deceit and physical force in connection with the attempt. It is common knowledge that in many instances-mentally deranged persons can be compelled' to submit to the beneficent services of the medical profession only through the use of trickery and physical persuasion.
We are mindful of the legal maxim, invoked in behalf of plaintiff, that sanity is always presumed. But a presumption is usually a matter of evidence or proof, applicable in reaching a decision on the merits of a case; very seldom is it considered in determining an exception of no-cause of action. However, if the mentioned presumption of sanity should be given-consideration here, another presumption,, equally as strong and favorable to this defendant, would seem to counteract or offset it. Thus, as stated in 20 American-Jurisprudence, verbo Evidence, Section 229, “The law. presumes in favor of integrity of conduct. Generally speaking,, in- the absence of any proof to the contrary, there is a presumption that all men act fairly, honestly, and in good faith. The presumption is that an individual intends to do right rather than- wrong. * * *
And the presumption of good faith on-the -part of this defendant finds further support in the thought that he would not *750 wish to have his wife declared insane should his motive be, as suggested by plaintiff’s counsel, to get rid of her; for .to do so would render difficult, if not impossible, his ever obtaining a dissolution of the marriage contract.
Analogous, it seems -to us, are those cases involving actions for malicious prosecution wherein it was held that a plaintiff must allege, in order to state a cause of action, that the defendant acted without probable cause. See Estrada v. Kreeger Store, Inc., 147 La. 291, 84 So. 786, 787, and Graffagnini v. Shnaider, 164 La. 1108, 115 So. 287. In the Estrada case we observed:
“It appears to be conceded that the petition contains all of the essential averments of an action for malicious prosecution, save and except the charge that defendant acted without probable cause. It will be seen from the paragraphs of the petition' quoted above that it nowhere, either specifically or impliedly or in general terms, alleges that the defendant acted without probable cause. It is true that the words ‘unjust,’ ‘unfounded,’ and ‘unwarranted’ are used in denouncing the conduct of defendant, but those are mere legal conclusions of the pleader or criticisms of the course of defendant.. Neither is the charge that the prosecution was ‘malicious’ sufficient, for the defendant might have acted with all of the venom and malice of which the human mind is capable; yet if plaintiff had been guilty and convicted, or if there had been probable cause for the prosecution, this would not have rendered it liable in damages. The presumption, of law is that the defendant acted with just or probable cause. * * * It was necessary, therefore, in order to state a cause of action, that the petitioner allege the negative fact that the defendant acted without probable cause. * * * We do not think it necessary that those precise words should be used, but the petition must at least allege such facts as will clearly and fairly show that the action of the defendant was without any probable foundation, and in this case that has not been done.”
The cases of Lurie v. Titcomb, 139 La. 9, 71 So. 200, and Wade v. Wade, 173 La. 311, 137 So. 45, cited by plaintiff’s counsel in a supplemental brief, have been examined, and. we find that they lend no support to the contention that the petition herein need not allege defendant’s lack of probable cause. In fact, the former case (a suit to recover the balance of. .a year’s salary) seems to militate against that contention. Therein, the court said [139 La. 9, 71 So. 203]:
“ * * * Whatever facts must be proven to maintain a suit upon its merits must be alleged to set forth a cause of action, even though the allegations be of. a negative character. * * * ” In the Wade case, wherein the plaintiff sought a judgment of separation, the petition alleged certain specific acts of cruel treatment which, *752 by reason of their nature, necessarily implied want of probable cause.
All of the factual allegations made by this plaintiff (including those above quoted) have been carefully considered, and in none is there to be found an expressed or implied charge that the defendant acted unjustifiably in 1 performing the acts about which complaint is made. This being true it must be held that the petition fails to allege cruel treatment (on which the judgment of separation is sought) and to state a cause of action.
Having reached this conclusion as to the allegations of the petition, which compels a dismissal of the suit, we need not consider defendant’s alternative proposition (urged in an answer to plaintiff’s appeal) that a hearing should be ordered on the exception of want of plaintiff’s capacity.
For the reasons assigned the judgment appealed from is affirmed.