130 So.2d 157 (1961)
A. L. ALDERMAN, Plaintiff-Appellee,
v.
Tom HENDERSON et al., Defendants-Appellants.
No. 9489.
Court of Appeal of Louisiana, Second Circuit.
May 5, 1961.
*158 Theus, Grisham, Davis, Leigh & Brown, by J. Bachman Lee, Monroe, for appellants.
Coenen & Coenen, by W. R. Coenen, Rayville, for appellee.
Before HARDY, GLADNEY and BOLIN, JJ.
BOLIN, Judge.
This is an action for personal injuries and property damage as a result of an automobile collision involving plaintiff and Tom Henderson. Hanover Insurance Company, as the liability insurer of Henderson, was also made a defendant. The answer of defendants denied any negligence on the part of the insured driver and, in the alternative, pleaded contributory negligence as a bar to recovery by plaintiff. The lower court awarded plaintiff judgment for certain items of property damage and rental of a temporary substitute automobile in the total sum of $539.38, but denied the claim for personal injury. From this judgment, defendants have appealed. Plaintiff has answered the appeal asking the recognition of his claim for personal injuries in the sum of $250.
The accident occurred as both Henderson and plaintiff were travelling east on U. S. Highway 80 about seven miles west of Rayville, Louisiana, near the Crew Lake bridge. Alderman approached defendant driver from the rear and attempted to pass in the north lane which was the passing lane. As the passing maneuver was being executed, Henderson suddenly swerved to the left so that his vehicle encroached upon *159 the passing lane and plaintiff was unable to avoid the resulting collision.
At the point where Alderman attempted to overtake and pass the other vehicle, a side road intersects Highway 80 from the south making a so-called "T" intersection. There was a truck driven by Tim Welch on this side road near the intersection and Henderson stated the reason he swerved was to avoid the Welch vehicle which was, so he thought, entering the highway from this side road. In a statement given to an insurance adjuster a few days after the accident, plaintiff stated he thought the Welch vehicle caused Henderson to swerve. However, at the trial, it was his testimony that he was so concerned with his own driving he could not positively know if the other vehicle was stopped or moving.
Welch testified he had stopped some twelve feet before reaching the intersection and was talking with Mr. Jim Brooks at the time of the accident. This testimony was corroborated by Brooks.
The trial court apparently believed the testimony of Brooks and Welch and the record does not reveal manifest error in such a conclusion. Therefore, we do not find that the defendant driver was presented with a sudden emergency as contended by them and Henderson's action in encroaching upon the passing lane was not justified and constituted negligence, which was a proximate cause of the accident.
Therefore, plaintiff is entitled to recovery unless the defendant's alternative plea of contributory negligence is sustained. As it is a special defense, the one pleading it has the burden of proving the allegations. Demerest v. Travelers Insurance Co. et al., 1958, 234 La. 1048, 102 So.2d 451; Service Fire Ins. Co. of New York v. Indiana Lumbermans Mutual Ins. Co., La.App.Orleans, 1959, 111 So.2d 358. The answer contains certain specific allegations of negligence, including excessive speed, lack of control, violation of the law of the road and violation of the highway regulatory act. The only allegation with any merit seems to be the violation of the highway regulatory act. Defendants amplify this general allegation in their brief by contending that the plaintiff passed at a highway intersection contrary to LSA-R.S. 32:233, subd. E.
While it is true that the violation of a safety ordinance or statute is negligence, such violation is of no importance unless it is a proximate cause of the accident. Therefore, the issue of liability resolves into a determination of whether the plaintiff's action in executing a passing maneuver at a "T" intersection was a proximate cause of the accident which would preclude recovery under the plea of contributory negligence.
This case does not involve a left-turning vehicle at an intersection as do the myriad of cases discussed in the case of Brown & Williamson Tobacco Corp. v. Baumgardner, La.App. 1 Cir., 1957, 92 So.2d 107. This accident occurred on an open road with no indication that the lead vehicle was about to swerve into the passing lane for any reason. As noted before, Henderson veered into the passing lane, not to execute any turn, but for no justifiable reason. The intersecting road entered the highway, not from the left of the vehicles involved, but from the right. Therefore, it is our opinion this issue should be determined adversely to defendants and that plaintiff herein was not contributorily negligent in a manner which bars recovery.
The remaining question presented for consideration is that of damages. Defendants strenuously contend that plaintiff has not proved any of the damages allowed. Plaintiff has answered the appeal and asked that his claim for damages for personal injury in the amount of $250 be allowed.
Plaintiff was awarded $394 for repairs of his truck. There was evidence that he secured three estimates and allowed the mechanic rendering the middle estimate *160 to make the repairs. However, the testimony shows that the difference between this and the low estimate was very small and we do not think this is fatal to plaintiff's demand. The trial court accepted as being proved this item as claimed by plaintiff and we find no error in such a finding.
The next item allowed by the trial court was $10 for the repair of plaintiff's eye glasses. We find no error in this award.
The final item of damages allowed by the lower court was $175 for rental of a substitute vehicle. The record reveals that plaintiff's truck remained unrepaired for a period of nearly three months after the accident, during which time he used another vehicle for which he claims a rental of $175. It is true that one, under certain circumstances where a vehicle is used for a livelihood, is entitled to reimbursement for loss of use and rental paid for a substitute automobile when occasioned by the fault of another. Cook v. Southern Farm Bureau Cas. Ins. Co., La.App. 2 Cir., 1960, 124 So.2d 183, rehearing denied. However, it is also settled that one is required to minimize his damages under such circumstances. We do not think that plaintiff is entitled to wait for an excessive period of time to repair his vehicle and recover damages for loss of use and rental of another automobile during the time his vehicle remains unrepaired when it is his own testimony the repairs could have been made in a very short time. Therefore, this item was improperly allowed by the lower court.
The judge below disallowed any damages for personal injury. The injury was so inconsequential that no satisfactory evidence of same was presented. The record does not disclose manifest error in the determination of this claim adversely to plaintiff.
Plaintiff, in his answer to the appeal, asked for damages against appellants for frivolous appeal. However, this request was abandoned in oral argument before this court, and properly so as an appellee who asks for an amendment of the judgment will not be allowed damages for a frivolous appeal. Parker, Seale & Kelton v. Messina, 1948, 214 La. 203, 36 So.2d 724.
The judgment is, therefore, amended to disallow the plaintiff's claim of $175 for rental of a substitute vehicle, and as amended, it is affirmed at the cost of appellants.
Amended and affirmed.