LOTTINGER, Judge.
This, and the companion suit entitled “Baton Rouge Bus Company, Inc. vs. Ellis R. Haddox”, No. 67,128 of the civil docket of the lower court, La.App., 135 So.2d 145, arise out of an accident involving a Plymouth passenger car owned and operated by Ellis R. Haddox and a Baton Rouge Bus company bus driven by Claude L. Gray, which occurred on November 16, 1957, in the City of Baton Rouge. Mrs. Estelle C. Haddox and Mrs. Geraldine L. Haddox, the mother and wife, respectively, of Ellis Haddox, were passengers in the Plymouth automobile and seek herein to recover damages for the physical injuries received by them. In the companion suit the bus company seeks to recover from Haddox the amount of damage to the bus.
The cases were consolidated for trial in the lower court following which the trial judge held that the accident was caused by the negligence of both drivers and, accordingly, judgment was rendered in favor of Mrs. Geraldine L. Haddox and Mrs. Estelle C. Haddox against the Baton Rouge Bus Company, Inc. and Claude L. Gray in this suit and against the former in the companion suit. The Baton Rouge Bus Company, Inc. and Claude L. Gray have appealed from the judgment rendered against them in this suit and the former has likewise appealed from the judgment rendered against it in the companion suit.
The trial judge has favored us with written reasons for judgment from which we quote herewith in part:
“The collision occurred in Baton Rouge at the intersection of Pawnee Street and Fairfields Avenue with Plank Road, at approximately 6:45 p. m.
“At the site of the collision Plank Road runs generally north and south. Pawnee Street and Fairfields Avenue run east and west. Pawnee Street joins Plank Road from the west and *143 Fairfields Avenue from the east. However, there is an offset at this point, the south parallel line of Fairfields being approximately 30 feet north of the north parallel line of Pawnee. The physical layout of the scene of the collision is shown by the engineer’s sketch offered in evidence as P-1.
“Haddox’s negligence is conceded. He makes no claim for his wife’s medical expenses or for damage to his car. At the time of the collision the traffic light was green for the bus entering Plank road from Pawnee Street with the intention of entering into and proceeding east on Fairfields Avenue. At the same time Haddox was entering the intersection from a point in front of the two story frame building at the northwest corner of Pawnee Street and Plank Road with the intention of proceeding south on Plank Road. The left front of the Haddox car collided with the left side of the bus at a point slightly in front of the rear wheel, that is, some 6 or 8 feet from the rear of the bus. The evidence as to the exact point of collision is conflicting and confusing. The investigating officers placed it in line with the north parallel line of Pawnee and S feet east of the west parallel line of Plank Road. They determined the point by debris in the street and by the position of the car after the collision, it being their understanding the car did not move after the impact. They show the point of collision by an ‘x’ within a square on P-1. Haddox shows it by an ‘x’ within a circle and a small circle within a larger circle, they representing the front wheels. It is to be noted that Haddox places the point some 4 or 5 feet farther out into the street than do the officers. R. H. Haddox, a brother of the driver, witnessed the collision. He showed the point of collision by a large circle, ‘O-H’ on P — 1, at almost the same spot as fixed by the driver. Tommie B. Wilson, who did not witness the actual impact but saw both vehicles in motion immediately prior thereto, placed the car at rest as shown by the outlined vehicle on P-1.
“R. H. Haddox testified that the car seemed to roll back 4 or 5 feet following the impact. The bus driver heard the impact and testified that looking in his rear view mirror he saw the car roll back. He placed its front at rest as shown by the red ‘xx’ and ‘xx’ on P-1. This is several feet north of the points fixed by the other witnesses. He did not undertake to fix the point of collision other than as he fixed the route of his bus.
“In my opinion the preponderance of evidence places the point of collision approximately where the driver of the car and his brother placed it, that is, some 4 or S feet farther out in Pawnee Street than the officers placed it. This is accounted for by the fact that the car rolled back after the impact. Taking the route of the bus as fixed by its driver by the curving red line, and the point fixed by him as the front of the car at rest would indicate the car rolled back approximately 15 feet after the impact. This is not supported by the evidence. In my opinion the evidence shows the bus was traveling at least 8 feet nearer the northwest curb than the driver has indicated, and that at the time of the collision it was traveling within less than 7 feet of that curb.
“Neither driver saw the other vehicle prior to the impact. Haddox’s attention was attracted by a bottle which had been thrown on or dropped on the graveled area from which he was moving. He simply drove over the curb and into the street without looking. If the bus driver saw the Haddox car as the front of the bus passed the spot from which the car was moving, he paid no attention to it. He was not charged with notice that it was en *144 tering the street. I see no negligence on the part of the bus driver in failing to see the car or in anticipating its movements. Haddox’s negligence is clearly shown. At the time of the collision his car was in a position where it had no right to be. In my opinion that can also be said of the bus.
“The collision occurred deep within the southbound lane of Plank Road and the westbound lane of Pawnee Street. The bus had no right to be traveling in either of those lanes since it was headed east and north. I am not unmindful of the fact that the evidence shows vehicles were parked in the gravel area north of the drug store located in the southwest corner of the intersection, and of the bus driver’s testimony that some of these parked vehicles were partially in the eastbound lane of Pawnee Street. That justified the bus driver in moving his vehicle slightly over the center line into the westbound lane of Pawnee Street as he was about to enter Plank Road. However, it did not justify him in continuing to veer sharply to his left. By reference to sketch P-1 it is evident that he could and should have driven his bus at least 20 feet away from the point of collisiion. If he had done so the collision would not have occurred, since at the moment of impact the bus lacked only 6 or 8 feet of having passed completely out of the path of the car. The conclusion is inescapable that the collision resulted from the joint and concurrent negligence of the two drivers. This bars recovery by either from the other. The evidence is not sufficient to show that Haddox’s negligence is imputable to either his wife or his mother, and they are entitled to recover.”
While the factual findings of the trial judge with respect to the speed, location of the vehicles, and the like, may well be correct, we do not think that he was correct in holding, as a matter of law, that the action of Gray, in proceeding as found, amounted to negligence constituting a proximate cause of the accident. Our courts have repeatedly held that some negligence or technical violation of a statute or ordinance does not give rise to a finding of liability or contributory negligence where such does not in truth and in fact amount to a proximate cause of the accident. Among the latest authorities adhering to this principle are Fontenot v. Liberty Mutual Insurance, La.App., 130 So.2d 462, Alderman v. Henderson, La.App., 130 So.2d 157, Ardoin v. Williams, La.App., 108 So.2d 817, and Adams, et al. v. Great American Indemnity Company, La.App., 116 So.2d 307.
The rule requiring a motorist to remain to the right of the center of streets, generally, or in making a left turn contemplates leaving the way clear for oncoming or overtaking vehicles rather than to avoid accidents with persons proceeding in the manner Haddox was in this case. The trial judge finds proximate cause hereby reasoning that had the bus been to its right or further south there would have been no accident as Haddox would have then passed harmlessly to the rear. He is in error. The fact that had Gray been in a different position may have put at rest the negligence of another is not tantamount to finding that a failure to be in that position amounts to negligence proximately causing the accident. Or, to put it another way, as was said by the Court in the Fontenot case, supra [130 So.2d 466], the location of the bus “was only a condition and not a * * * cause of the collision.” (Emphasis supplied).
In conclusion, Gray had a right to enter the intersection and to assume that he could do so safely. It would not be reasonable to assume, on his part, that an accident such as happened, would be rendered more likely by entering as he did than by entering further to his right. His deviation from the standard of care required, therefore, was no more than a technical one and his action *145 was not negligence proximately causing the accident.
For the reasons assigned the judgment appealed from is reversed and it is ordered, adjudged and decreed that plaintiffs’ suit he dismissed at their costs.
Judgment reversed.