AYRES, Judge.
Plaintiff instituted this action against her husband for a separation “a mensa et thoro” on the ground of cruel treatment. The defendant husband, in a reconventional demand, also sought a judgment of separation, likewise, on the ground of cruel treatment. From a judgment rejecting the demands of both husband and wife, the latter appealed. The former has answered the appeal by praying for a judgment in his favor decreeing a separation.
The essence of the charge of cruelty directed by the plaintiff to the defendant is that he made an unprovoked assault upon his stepson, a child of plaintiff by a former marriage, and that this act constituted cruel treatment to her. The evidence on this score, particularly as to who was the aggressor, is conflicting. Each of the parties involved accused the other of provoking or starting the encounter. That a fight did occur in'their home is, however, amply established. There were some noises, shuffling and shifting, loud and angry verbiage, and possibly a “lick” or two struck. Of a certainty, the stepson received a very small wound on his head from a knife, only partially opened, in the hands of defendant. The wound was only slight and probably more of a scratch than a cut. The occurrence arose after the stepson had admonished his 9-year-old half brother relative to a window screen which the latter had caused to fall. The wife, in an effort to terminate *251 the affair, joined in with an iron. The 9-year-old son produced a shotgun from a closet and threatened everyone if the disturbance was not terminated. This display of arms produced the desired effect, whereupon plaintiff and her three sons departed for her sister’s home where they remained overnight.
The question is whether defendant’s acts constituted cruelty to plaintiff, justifying a separation in her favor. Authorities cited by both parties-litigant, involving punishment of children, are, in our opinion, inapplicable. This action does not involve an act of punishment; it was merely a fracas between a stepfather and a stepson. Moreover, the stepson is no mere, ordinary child. His height, weight, and strength are comparable to that of the defendant. While the stepson is only 18 years of age, he is six feet tall and bears a weight exceeding 240 pounds. The stepfather is six feet, two inches in height with a weight of 215 pounds. This is not a situation where a parent takes advantage of a helpless child.
Under the aforesaid facts, we do not think defendant’s acts constituted cruel treatment toward his wife as contemplated in the third paragraph of LSA-C.C. Art. 138, having reference to grounds for separation from bed and board. The acts of misconduct were not directed to the wife or engaged in for her specific displeasure. This was, also, so far as the record discloses, a single, solitary instance of an encounter between the stepfather and the stepson. It does not clearly appear who provoked the fight or who was the aggressor.
The charges directed by defendant to plaintiff are predicated on the fact that, following the aforesaid incident, plaintiff made charges to have defendant committed for observation to the end that his mental status might be determined and that, if need be, he be administered treatment. In making this charge, plaintiff relied, for justification, not only upon defendant’s acts in the aforesaid incident but upon a record of previous conduct. Plaintiff first sought the advice of the appropriate officials whom she informed of defendant’s conduct and reactions. There is no evidence or showing justifying the conclusion that she was not acting in good faith or that she misrepresented the facts to the officials from whom she sought advice, or that she acted without probable cause. The mere fact that their married life had not been ideal is not sufficient in itself to warrant a finding that she acted in bad faith and without probable cause. Where the wife, in her attempt to have the husband committed for observation, acted in good faith, having valid reasons to believe, and did so believe, that the husband was deranged in mind to the extent that he required medical attention and hospitalization, unquestionably her actions could not be said to constitute cruelty or inhuman treatment. Kalpakis v. Kalpakis, 221 La. 739, 60 So.2d 217, 219, 33 A.L.R.2d 1224.
In the cited case, with reference to acts of the husband to have his wife committed to a mental institution, the court made these appropriate observations:
“ * * * Rather, under those circumstances, they [referring to the husband’s actions] would have been expected of him and wholly justified, all in keeping with his obligation imposed both by law and by his marriage vow to maintain his wife in sickness as well as in health.
“In the statute providing for a Coroner’s commitment of a patient to a Louisiana institution any near relative or other responsible person is authorized to apply therefor (LSA-R.S. 28:52). Clearly, among those contemplated for taking the initiative is the husband of the patient; but it is certain that he would never make an application to commit his wife, even though entertaining the sincere conviction that she needed the hospitalization, if to do so his good faith act would constitute cruelty by reason of which a judgment of separation from bed and board *252 against him could be rendered.” (Addition in brackets supplied.)
All the facts in the instant case have been carefully considered. Nowhere do we find any basis for concluding that plaintiff acted unjustifiably in performing the acts about which defendant complains. There is no showing that she acted in bad faith or without probable cause. No ulterior motive was shown. The facts and circumstances support and warrant a conclusion of good faith on her part and probable cause. Acts so performed do not constitute cruelty and inhuman treatment as regards the grounds justifying a decree of separation.
:We find no error in the judgment appealed, and, for the reasons assigned, it is hereby affirmed. The cost, including the cost of this appeal, is assessed in equal proportions against plaintiff and defendant.
Affirmed.