ELLIS, Judge.
The plaintiff, William L. Crain, filed suit against his wife, Rebecca L. Crain, on August 18, 1961, praying for a separation on the ground that four days earlier his wife had abandoned him without lawful cause. A reconciliation took place, however, and the parties lived together until April 7, 1963. Thereafter, the plaintiff alleged in a supplemental petition that his wife again abandoned him without lawful cause on April 7, 1963.
The defendant filed an answer and recon-ventional demand alleging that her husband mistreated and abused her to such a degree as to render their living together insupportable. Specifically, she alleged that on April 7, 1963, he beat her “ * * * unmercifully, causing said plaintiff in reconvention to leave the family home to escape further bodily harm and abuse.” The wife prayed for a separation and for alimony, both pendente lite and permanent.
At the hearing to determine the alimony pendente lite, the following stipulation was made between opposing counsel:
“It is stipulated by and between counsel for the plaintiff in rule, Mrs. Crain, and the defendant in rule, William L. Crain, that Mr. Crain is able to pay whatever reasonable alimony the court fixes.”
Alimony pendente lite was set at $185.00 per month. On the merits judgment was rendered dismissing plaintiff’s suit for a separation and granting defendant a sepa-on the reconventional demand. Alimony was fixed at the sum of $50.00 per month.
Plaintiff has appealed, specifying as error the following:
“The lower court erred in not finding that the wife had abandoned the husband without having sufficient grounds for such action.
“The lower court erred in not finding that the acts of alleged cruelty by the husband were provoked by acts and behavior of the wife.
“The lower court erred in not finding that the acts of alleged cruelty by the *168 husband were undertaken in good faith and were performed for the purpose of preserving the marriage.
“The lower court erred in granting alimony to the wife, because the record contains no evidence of the husband’s income.
“The lower court erred in granting alimony to the wife because the record shows that she has sufficient means for her maintenance.”
As to the first specification of error we believe that the lower court was correct in finding that the wife had sufficient grounds for abandoning her husband.
The evidence discloses that on April 7, 1963 Mr. Crain used physical violence against his wife. It appears that Mr. Crain threatened his wife and her family and hit Mrs. Crain several times on the back. Thereupon Mrs. Crain decided to leave him to avoid further abuse. While she was packing her overnight bag, Mr. Crain threw her to the floor and began hitting her. He further forcibly prevented her from using the telephone and from calling to the neighbors for help. Finally, by feigning a back injury, Mrs. Crain induced her husband to leave the room to telephone the doctor. At this point Mrs. Crain bolted from the house and, from a neighbor’s telephone, called the police.
Mr. Crain testified that he did not beat his wife on that occasion but rather that he only “spanked her” with his hand. Under cross-examination, Mr. Crain admitted grabbing his wife’s arm with such force that the dress she was wearing was torn. Rev. Gillespie, a neighbor, though of the opinion that this was only a “little scuffle”, testified that Mrs. Crain did have several bruises on her leg and one other alleged bruise that he declined to inspect. In addition, though Mr. Crain denies threatening his wife with a gun, it is obvious that Mrs. Crain’s fear that her husband would seek to use his gun to reinforce his arguments was justified. During cross-examination, Mr. Crain admitted looking for his gun, which Mrs. Crain had hidden, during the time after his wife left the house to call the police and before the police arrived. His explanation for this clearly hostile and belligerent action is contained in his answer to the question “Why did you look for it after she left?” as follows:
“Because the first thing I looked in her billfold that day and she had written a check the night before on some money that we had that I was to pay off a note we had and she had wrote a check for $60.00 and I first found that missing and I said well wonder what else is missing and I started looking.”
The exact nature of the motive Mr. Crain had in initially striking his wife is not disclosed by the record. Mrs. Crain testified that her husband “ * * * had been in a foul mood all weekend * * * She further testified that as she was washing dishes he hit her several times on the back and:
“ * * * ^ knew that I would not stay where I was physically abused and he said I would have no choice, that he would follow me anywhere I went and take me to work with him and keep me under serveillance, so when I realized that I began to feel that I was really in danger and I wanted to get away from him but he kept following me from one place to the other so I told him that I was going to take a ride and I thought maybe I could get help that way and whenever I started to go out to the car, he followed me and got in and we rode around for a while and came back and he kept following me all around and he threatened to kill me and my mother and father and anybody else that helped me so I decided that I would see what would happen if I would go ahead and try to leave because I felt that the longer I stayed there the more danger I was in so I went in there and started *169 to pack my overnight bag and he came over there and threw it all the way • across the room and grabbed me by the shoulder and threw me to the floor and started hitting me * * *
The record is void of any evidence tending to show that the wife in this instance provoked the argument. In the case of Armentor v. Gondron, 184 La. 922, 168 So. 102, which counsel for the plaintiff urges upon this court, the court found that the wife had indeed provoked her husband to violence which consisted of slapping her on the face in public. This violence occurred, however, some time after the wife had abandoned her husband and in that case the court correctly found that this isolated act of violence was not sufficient cruelty to warrant granting a separation in favor of the wife.
Nor can we find that Mr. Crain’s behavior in the case at bar was similar to the behavior of the husband in the case of Kalpakis v. Kalpakis, 221 La. 739, 60 So.2d 217. In the Kalpakis case the husband used trickery in order to have his wife committed to a mental institution. The court presumed, absent evidence to the contrary, that the husband was acting in good faith under a sincere belief that his wife required mental treatment. Mr. Crain could not have this court presume that Mrs. Crain needed a beating, or at best a spanking, or that he acted in good faith in administering same.
The second specification of error has no merit whatsoever. We have already indicated that the record is void of any evidence tending to show that the husband’s actions were in any way provoked by the behavior of the wife. The evidence discloses an unprovoked and senseless attack by Mr. Crain on his wife.
As to the third specification of error, it cannot be admitted by this Court that the use of physical violence is an acceptable method of persuasion for a husband to employ in order to preserve the marriage, or for any other reason. In the Armentor case, the violence complained of was not used in order to preserve the marriage but resulted from a momentary loss of temper over the exasperating ■ and frustrating attitude of the wife. In the instant case, there is no evidence to indicate that the wife provoked her husband. Even assuming the position most favorable to the husband, that he hit his wife in order to preserve the marriage, we are convinced that force for this purpose is in itself cruelty.
The fourth specification of error is equally without merit. The award of alimony in the amount of $50.00 was entirely consistent °with the evidence. Mrs. Crain testified on cross-examination that with her personal income her only additional need was $50.00 per month. While it is true that the record does not directly contain evidence of the husband’s income, it would appear from the stipulation that Mr. Crain is able to pay whatever reasonable alimony the court fixes, and that, consequently, evidence relating to the husband’s income would be unnecessary. Mr. Crain evidently did not complain when the court fixed the alimony pendente lite at $185.00 per month and we believe an award of $50.00 per month is entirely reasonable.
As to the final specification of error, it is true that Mrs. Crain is gainfully employed and has adequate training and experience as a medical secretary and bookkeeper, however, her statement that she needs an additional $50.00 per month is entirely consistent with the evidence and the award of that amount by the lower court will not be disturbed on this appeal.
For the reasons .above given the judgment of the lower court dismissing the plaintiff’s suit and granting a separation in favor of the defendant on the reconventional demand, together with alimony in the amount of $50.00 per month, is affirmed at appellant’s cost.
Affirmed.