240 So.2d 435 (1970)
Johnny JACK, Jr., Plaintiff-Appellant,
v.
Lawrence JACK and Dixie Auto Insurance Company, Defendants-Appellees.
No. 3194.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1970.
Guillory, Guillory & Guillory, Eunice, A. Frank McGee, Eunice, of counsel, for plaintiff-appellant.
Dubuisson & Dubuisson, by James T. Guglielmo, Opelousas, for defendants-appellees.
Before FRUGEé, SAVOY, and HOOD, JJ.
FRUGEé, Judge.
This is an action for damages arising as a result of a one-car accident at the intersection of Louisiana Highway 26 with Highway 104. The trial court found that plaintiff had proven damages in the amount of $996.25 but only awarded plaintiff $500.00, since the defendant had already paid *436 out $9,500.00 of the $10,000.00 policy in settlements. Plaintiff appealed.
Plaintiff, Johnny Jack, Jr., was a guest passenger in a truck owned and operated by Lawrence Jack. Lawrence Jack was dismissed from the suit with prejudice, and the defendant-insurer conceded liability. There were several other persons riding in the truck, all of whom suffered injuries. At the date of the trial, the defendant-insurer had already settled all of the other outstanding claims. This appeal was taken from objections made by plaintiff to the introduction in conjunction with testimony of defendants' adjuster, of reports, statements, medical bills, and correspondence with the defendant-insurer concerning settlement.
In Richard v. Southern Farm Bureau Cas. Ins. Co. et al., 212 So.2d 471, affirmed 254 La. 429, 223 So.2d 858 (1969), this court decided that an insurer could make settlements with any of the persons injured in an accident and thus deplete or exhaust the funds available under the policy of insurance, and in doing so thus prejudiced the claims of other persons injured in the same accident so long as the settlements were reasonable and made in good faith. Plaintiff argues that, although we did not so hold in that case, the burden of proof of good faith is upon the insurer. In so urging this rule, plaintiff is ignoring an elementary tenet of Louisiana jurisprudence that in the absence of proof to the contrary, there is a presumption that all men act fairly, honestly, and in good faith. Skannal v. Hespeth, 196 La. 87, 198 So. 661; Curran & Treadaway v. American Bonding Co. of Baltimore, 193 La. 763, 192 So. 335; Parker, Seale & Kelton v. Messina, 214 La. 203, 36 So.2d 724; Kalpakis v. Kalpakis, 221 La. 739, 60 So.2d 217, 33 A.L.R.2d 1224 (1952).
Plaintiff insists that the insurer must produce the actual claimants, their doctors, and any other available evidence to prove the reasonableness and good faith of the compromises. Even if we could ignore the rule of presumption of good faith, to impose this burden would defeat the well recognized policy of this state, which is to encourage settlements. Under such a burden, the insurer would gain very little from making settlements if it has to bring parties to court to prove that the settlements were in good faith and reasonable. It could hardly be concluded that in making settlements an insurer is going to pay out more than necessary.
Plaintiff has neither indicated bad faith nor asserted any arbitrariness on the part of the defendants in settling these claims. The trial judge concluded that the settlements were reasonable and not excessive. He could have concluded that the settlements were reasonable from the uncontroverted testimony of the adjuster who handled the claims. The testimony of the adjuster indicates that he was thoroughly familiar with each claim. He had seen each claimant. He saw three in the hospital shortly after the accident, at a time when he could see for himself the injuries and pain and suffering of those claimants. He negotiated settlements directly with those claimants unrepresented by counsel, and negotiated with the attorneys of those represented. The testimony also indicates that he made every possible effort to reach a settlement with the plaintiff, and on the morning of the trial had tendered $500.00 to him.
It was not in error to admit the reports and documents compiled by the adjuster during his investigation of the other claims. Although he did not have the burden of proof, this information was admissible on the issue of good faith in reaching the settlements. It is clearly indicated in the record that the reports and documents were admitted to show that the adjuster had acted reasonably and in good faith in settling the claims.
For the foregoing reasons, the judgment of the trial court is affirmed, at plaintiff-appellant's cost.
Affirmed.