REDMANN, Judge
(dissenting).
There is no dispute that plaintiff spent the time he testified to and his hourly charge was reasonable. But, in my opinion, he erred in spending apparently considerable time on community property questions which could not arise until after a judgment of separation.
In my view, as a matter of professional and public policy, lawyers should not (and, at the husband’s expense, may not) go beyond the necessary for the prosecution and protection of the wife’s immediate interests. Where a community problem requires immediate protective action, as in Parker, Seale & Kelton v. Messina, 214 La. 203, 36 So.2d 724 (1948), (where the husband had transferred property to his brother) the fees are chargeable to the community. But here counsel’s premature undertaking of an apparently detailed near-accounting of the community was an expenditure of his time which he should have advised the wife against.
As we ooserved in Cabral v. Heitkamp, 252 So.2d 353 (La.App.1971), precipitate action by counsel may itself be the occasion of further deterioration of the marital relationship. Here, on the very day of reconciliation the husband was confronted with a bill not for immediately indispensable services but for a prematurely worked-out long-range legal battle, already aborted by the reconciliation. This may have been the first stumbling block to the ill-fated reconciliation.
In my opinion the fees the lawyer has already collected are reasonably sufficient for what the community owed him for legal services on the showing here. There should be judgment dismissing plaintiff’s suit at his cost.